UNION TRACTION COMPANY OF INDIANA *v.* LOWE.

[No. 4,372.  Filed June 24, 1903.]

NEGLIGENCE.—*Wilful Injury.*—*Complaint.*—A complaint for a wilful injury must allege that the injurious act was purposely and intentionally committed with the intent wilfully and purposely to inflict the injury complained of. *p. 337.*

SAME.—*Wilful Injury.*—*Complaint.*—A complaint for wilful injury being *quasi* criminal in its nature should be strictly construed. *p. 338.*

From Delaware Circuit Court; *J. G. Leffler,* Judge.

Action by George Lowe against the Union Traction Company of Indiana. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. A. VanOsdol, W. A. Kittinger, A. W. Brady* and *Rollin Warner,* for appellant.

*N. N. Spencer* and *Frank Ellis,* for appellee.

HENLEY, J.—Appellee's complaint in this case was in two paragraphs, in both of which he seeks to recover damages for an alleged personal injury sustained by him while a passenger in one of appellant's cars in the city of Muncie.

The first paragraph of the complaint proceeds upon the theory that the injury complained of was caused by appellant's negligence. This paragraph of complaint states a cause of action, and appellant's demurrer thereto was properly overruled.

The second paragraph of complaint proceeds upon the theory that the alleged injury was wilfully inflicted. The averments of appellee's complaint by which he attempts to charge a wilful injury were as follows: "Plaintiff further avers that said starting of said car with said sudden and violent jerk, without notice or warning to plaintiff, was the proximate cause of all of plaintiff's said injuries, and that because of plaintiff's said attitude and condition plaintiff's said fall and injuries were the natural and necessary and probable and inevitable consequences of defendant's act of so starting said car without notice or warning to plaintiff, and that defendant had full knowledge of plaintiff's said attitude and condition, and with full knowledge of all the facts in this paragraph of complaint alleged, and without notice or warning to plaintiff, intentionally, purposely, and wilfully so started said car, utterly regardless of the safety or peril of plaintiff, and with full knowledge of the fact that the natural and probable consequences of so starting said car, under the circumstances, would be the fall and injury of plaintiff." This paragraph of complaint is clearly insufficient. It falls far short, under the law as announced in the decided cases in this State, of stating a cause of action for a wilful injury. It seems to be the settled law of this State that a complaint which seeks redress for a wilful injury, involving, as it does, conduct which is *quasi* criminal, must aver that the injurious act was purposely and intentionally committed with the intent wilfully and purposely to inflict the injury complained of. *Gregory* v. *Cleveland, etc., R. Co.,* 112 Ind. 385; *Kalen* v. *Terre Haute, etc., R. Co.,* 18 Ind. App. 202, 63 Am. St. 343;

*Walker* v. *Wehking,* 29 Ind. App. 62; *Indianapolis St. R. Co.* v. *Taylor,* 158 Ind. 274.

In the complaint before us nothing more than the wilful starting of the car is alleged, and there is no allegation that appellant intended thereby wilfully and purposely to injure appellee. The recital of evidence, in a complaint based on an alleged wilful injury, which would tend to prove that the defendant acted with a reckless disregard for the safety of plaintiff and a willingness to inflict the injury complained of does not help the pleading, but such evidence upon the trial would be competent to support and uphold the allegation of wilfulness. The complaint in an action of this character, *quasi* criminal in its nature, and involving as it does an intent to inflict the injury complained of, ought to be strictly construed by the rules of pleading herein announced.

Judgment reversed, with instruction to the trial court to sustain appellant's demurrer to the second paragraph of complaint.

Robinson, C. J., Wiley, Comstock, and Roby, JJ., concur; Black, J., dissents.