No. 21,872

MAX J. KENNEDY and S. J. HESS, *Appellees*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

1. SHIPPING CONTRACT—*Livestock—Limiting Carrier's Liability—Contract Valid.* A statute providing that a carrier shall be liable to the shipper for loss or injury caused by it to property in shipment, and that no contract or regulation shall exempt it from such liability, does not prevent the amount of recovery for such loss or injury being limited to the value stated in the bill of lading, on which the freight charged is based.

2. SAME. Other grounds presented held not to require a rehearing.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion denying a rehearing filed March 8, 1919. (For original opinion of reversal, see *ante*, p. 129, 179 Pac. 314.)

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*H. P. Farrelly, T. R. Evans,* both of Chanute, and *J. T. Cooper,* of Fredonia, for the appellees.

The opinion of the court was delivered by

MASON, J.: 1. In this case it was decided that where freight rates are varied according to the value of the property shipped, the liability of the carrier, even for losses due to its negligence, is limited to the value stated in the bill of lading. In a petition for a rehearing a new point is raised—that this ruling is in conflict with a statutory provision not previously referred to, reading:

"That any common carrier receiving property for the transportation from one point in this state to another point in this state shall issue a receipt or bill of lading therefor and such carrier or any other common carrier to which said property may be delivered or over whose line or lines such property may pass shall be liable to the owner of such property for any loss, damage or injury caused by any one or more of said carriers, and no contract, rule or regulation shall exempt any of such common carriers from the liability hereby imposed." (Laws 1911, ch. 240, § 1, Gen. Stat. 1915, § 8469.)

We do not regard the limitation of the recovery to the amount on which the freight charges are based as an exemption of the carrier from liability for loss or injury which it has caused. The language quoted is substantially and almost literally that of the Carmack amendment (Part 1, 34 U. S. Stat. at L., ch. 3591, § 7, p. 595), except that it applies to intrastate business, and was obviously intended to make the rule for local shipment conform to that prescribed by congress for interstate commerce. We give to the language used by the legislature the same force which the federal supreme court has given it when used by congress.

2. In the original opinion it was said that the great weight of authority favors (in local as well as interstate commerce) the rule that where rates are graded by the value placed on the property, contracts limiting the carrier's liability to that amount are valid. Apparently in reference to this statement it is said in the petition for a rehearing that the court has overlooked "the majority of opinion, when there is a prohibitive statute involved"; and in support of this suggestion authorities are cited, to the effect that contracts undertaking to restrict the amount of recovery are invalid where a statute forbids the carrier's common-law liability being restricted in that manner. Our statute forbidding such contracts, however, makes an exception where permission has been given by the railroad commission (now the utilities commission) as is the case here. It is further urged that our decision is in conflict with *Railway Co. v. Sherlock*, 59 Kan. 23, 51 Pac. 899. That case was decided in 1898, but, as was stated in the original opinion, it was based on a contract made August 14, 1892, and no order of the board of railroad commissioners affecting the matter was made until September 1, 1892. The decision turned upon the proposition that a contract limiting the carrier's liability could be valid only if made by permission or order of the railroad board, the court adding: "No such order or permission has been given; at least the giving of it is not claimed." (p. 28.)

In the original opinion in the present case it was said that probably the statute of 1883, prohibiting contracts limiting the carrier's common-law liability unless sanctioned by the

24—104 Kan.

railroad commission, was rendered ineffective by the repeal of the act creating that body. This statement is challenged in the petition for a rehearing. It does not in any way affect the decision, but was made incidentally in giving the history of the statute. It was based on the theory that the legislature, having adopted the rule forbidding such contracts only upon condition that the railroad board could control its application, might not be presumed to have wished it to be in force when that restraining influence had been removed. (*Telegraph Co. v. Austin,* 67 Kan. 208, 72 Pac. 850.) However, the question is not material here.

After full consideration of the petition for a rehearing the court adheres to the views heretofore expressed, and the petition for a rehearing is denied.