## Louisville & Nashville Railroad Company v. Brown.

(Decided December 12, 1919.)

### Appeal from Bullitt Circuit Court.

Railroads—Personal Injuries—Negligence.—A railroad company cannot relieve itself of liability for injury received on account of gross negligence, by a stipulation that a person using and accepting a 'gratuitous pass assumes all risk of accident to person or property.

J. F. COMBS, MOORMAN & MOORMAN and BENJAMIN D. WARFIELD for appellant.

ERNEST N. FULTON, FRANK E. DAUGHERTY, CHARLES CARROLL and C. P. BRADBURY for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellee was injured in a collision at Shepherdsville, Ky., December 20, 1917, and for such injuries a jury awarded him damages in the sum of $1,800.00.

The allegations of the petition were denied in an answer. In an amended answer it is alleged that appellee, if a passenger on the train at the time of the accident, was such only as the gratuitous holder of an annual pass issued to him because of the charitable work in which he was engaged in behalf of colored children. Said pass contained this provision:

"The person accepting and using this pass in traveling throughout assumes all risks of accident to person or property."

But for appellee's assent to this condition it is alleged said pass would not have been issued to him.

A reversal is asked because the lower court sustained a demurrer to this amendment.

The pass was not issued in violation of any constitutional or statutory provision. (Ky. Stats., 1918, Sec. 201c-2.)

The English and Canadian decisions uphold the right of the carrier to provide by contract against liability for negligence in such cases.

In the United States there is a great contrariety of opinion as to the validity of such a stipulation in a free pass. Some courts deny the power to make a valid contract exempting the carrier from liability for any degree of negligence, others holding that the acceptance of a pass containing such a condition is valid and binding upon the passenger.

While conceding the power to make such exemptions in cases of ordinary negligence, many of the courts refuse to apply the principle in cases of wilful, wanton or gross negligence. In some of the cases this refusal is grounded on public policy, in others on particular statutes.

The Supreme Court in Nor. Pac. R. Co. v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513, held that a carrier is not responsible for injuries resulting from ordinary negligence to an individual whom it permits to ride without charge on condition that he take all the risks of such negligence. In the opinion it is said:

"The question then is distinctly presented whether a railroad company is liable in damages to a person injured, through the negligence of its employes, who at the time is riding on a pass given as a gratuity, and upon the condition known to and accepted by him that it shall not be responsible for such injuries. It will be perceived that the question excludes injuries resulting from wilful and wanton acts, but applies only to cases of ordinary negligence. . . . We shall assume, however, but without deciding, that the jury were warranted, considering the absence of the vestibuled platform and the high rate of speed in coming around the curve, in finding the company guilty of negligence; but clearly it was not acting either wilfully or wantonly in running its trains at this not uncommon rate of speed, and all that can at most be said is that there was ordinary negligence. Is the company responsible for injuries resulting from ordinary negligence to an individual whom it permits to ride without

charge on condition that he take all the risks of such negligence?"

Only the transcript of record is before us; the evidence is not here, hence the presumption prevails that the pleadings of the successful party were supported by the evidence. Majors v. Continental Gas. Co., 33 R. 728, 111 S. W. 299.

Two degrees of negligence are now recognized in this state: ordinary negligence or the failure to exercise that care which ordinarily prudent persons would exercise under like or similar circumstances, and gross negligence, which is the absence of slight care.

The petition alleged that the injuries complained of were caused by the gross carelessness and negligence of the company. What, if any, liability would result had appellant been charged with ordinary negligence only is not involved here and we express no opinion thereon.

Without entering into a discussion of the multitudinous array of authorities on the proposition involved we are of the opinion that a railroad company cannot, by a stipulation such as is printed on the pass issued to appellee, relieve itself of liability for injuries received on account of gross negligence. Ky. Const., sec. 196, L. C. & L. R. Co. v. Hedges, 9 Bush 650, and cases herein cited.

To any one desiring to delve further into this question the following citations will furnish a fruitful source of interest and entertainment as to the reasons given and conclusions reached by the several courts, on the many angles presented by this record and in cases of a kindred nature. I. C. R. Co. v. Read, 37 Ill. 484, 87 Am. Dec. 260; Annas, Admx. v. Milwaukee, &c. R. Co., 67 Wis. 46, 30 N. W. 282, 58 Am. Rep. 848; Marshall v. Nashville R. & L. Co., 118 Tenn. 254, 101 S. W. 419, 12 Ann. Cas. 675, and note 9 L. R. A. (N. S.) 1246; Jacobus v. St. Paul & Chicago R. Co., 20 Minn. 125, 18 Am. Rep. 360; Griswold, Admr. v. N. Y. & N. E. R. Co., 53 Conn. 371, 4 Atl. 261, 55 Am. Rep. 115; Kinney v. Central R. Co., 32 N. J. L. 407, 90 Am. Dec. 675; Payne v. Terre Haute & Ind. R. Co., 157 Ind. 616, 62 N. E. 472, 56 L. R. A. 472; Mobile & Ohio R. Co. v. Hopkins, 41 Ala. 486; Walther v. Sou. Pac. Co., 159 Cal. 769, 116 Pac. 51, 37 L. R. A. (N. S.) 235; F. M. Muldoon v. Seattle City R. Co., 7 Wash. 528, 35 Pac. 422, 22 L. R. A. 794; Nickles

v. Seaboard Air Line R. Co., 74 S. C. 102, 54 S. E. 255,
5 R. C. L. pp. 8, 9, 10 and 11; 10 C. J. 720 and 721; Hutchinson on Carriers, secs. 1075-1076; Cooley on Torts, pp.
1482 and 1483; Shearman & Redfield on Neg., Sec. 505;
Thompson on Neg., Sec. 2646, and especially the notes
in 22 L. R. A. 794 and 37 L. R. A. (N. S.) 235.

Perceiving no error in the judgment appealed from
same is accordingly affirmed.