## STAUFFER v. SCHLEGEL.

[No. 10,504. Filed December 16, 1920.]

1. PLEADING. — *Personal Injuries.* — *Wilfulness.* — *When Facts Pleaded, Epithets Do Not Determine.*—*Torts.*—Where a complaint, based on an alleged wilful injury, assumes to state the specific acts which occasioned the injury, the quality of the acts must be determined by a consideration of such acts and not by considering the epithets employed. p. 433.

2. PLEADING.—*Personal Injuries.*—*Wilfulness.*—*Strict Construction of Complaint.*—*Torts.*—A complaint based on an alleged wilful injury, being *quasi* criminal in its nature, must be strictly construed. p. 434.

3. PLEADING.—*Personal Injuries.*—*Complaint Based on Wilfulness.*— *Facts Showing Negligence.*— *Insufficiency.*— *Torts.*— A complaint based on a wilful injury, but of which the facts alleged show, if anything, nothing more than negligence, because of the absence of purpose or design, would be insufficient as a charge of wilfulness, as the two charges are incompatible and negligence cannot be of such a degree as to become wilfulness. p. 434.

4. PLEADING.— *Wilfulness.*— *Aggressive Wrong.*— *Use of Adjectives and Conclusions.*—*Torts.*—Acts which constitute wilfulness must not be mere acts of nonfeasance, but acts of aggressive wrong; and where such element of a charge of wilfulness is otherwise absent, a complaint which assumes to state the specific acts occasioning the injury cannot supply it by the use of adjectives, such as "wilful" or "wanton," or by the statement of conclusions, such as "with the intent to injure," or even though it be alleged that the acts upon which the charge is based were wilfully and purposely done with intent to injure the plaintiff. p. 435.

From Jay Circuit Court; *E. E. McGriff*, Judge.

Action by Chalmer Schlegel by next friend against Ferdinand Stauffer. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Peterson & Moran* and *Moran & Gillespie*, for appellant.

*L. C. DeVoss* and *Clark J. Lutz*, for appellee.

BATMAN, J.—In this action the complaint is in a single paragraph, and alleges that appellee is an orphan, who had been placed in the custody of appellant by the proper authorities, and so remained until the occurrence thereinafter mentioned. It then recites certain acts of cruel treatment, which appellee had theretofore received at the hands of appellant, and continues with the following averments: "That he, plaintiff, during all of said times being a mere child, never having had any experience in farming or in management of horses or teams of horses and being weak in strength, not having strength enough to hold or control or guide a team of horses, all of which defendant had full knowledge and well knew. When in the month of May, 1913, defendant wilfully and purposely placed plaintiff, who was then of the age of 13 years, in charge of a team of horses which defendant then and there well knew was restive in harness and would run away, and defendant well knew that the plaintiff was weak and unable to control said team, when the defendant wilfully and purposely and with the intent wilfully and purposely to injure this plaintiff ordered and directed plaintiff to take charge of said team and hitch them to a cast iron roller which the defendant well knew was dangerous, on which were interlocking cogs, when at said time defendant ordered and directed plaintiff to roll ground preparatory to sowing and planting defendant's crops, when in pursuance to defendant's orders and direction this plaintiff drove said team attached to said roller across a field of the defendant, when without any fault or negligence of plaintiff said team of horses became frightened and ran away, throwing said plaintiff's arms into said interlocking cogs." (Here follows a description of appellee's injuries, a recital of the effect thereof, and the subsequent cruel treatment received at the hands of appellant.) The complaint concludes by al-

leging that all of his injuries and suffering were "caused by reason of the wanton, cruel, inhuman, and wilfull act of the defendant," and a demand for a judgment in the sum of $5,000. After filing a demurrer to the complaint for want of facts, which was overruled, appellant filed an answer thereto in general denial. Other steps were taken in the formation of the issues, but as they are not involved in the questions submitted for our determination they are not set out. The cause was submitted to a jury for trial on the issues stated, resulting in a verdict and judgment in favor of appellee. With its general verdict the jury returned answers to certain interrogatories submitted by the court. Appellant filed a motion for a new trial, which was overruled, and is now prosecuting this appeal on an assignment of errors which requires a consideration of the question hereinafter determined.

Appellant contends that the court erred in overruling his demurrer to the complaint. The theory of the complaint, as asserted by appellant and admitted by appellee, and as disclosed by its general scope and tenor, is that of wilful injury, and on that theory its sufficiency must be determined. It is well settled that where a complaint, based on an alleged wilful injury, assumes to state the specific acts which occasioned such injury, the quality of the acts must be determined, not by considering the epithets with which it may abound, but by a consideration of the acts which caused the injury. *Belt R., etc., Co.* v. *Mann* (1886), 107 Ind. 89, 7 N. E. 893; *Louisville, etc., R. Co.* v. *Schmidt* (1885), 106 Ind. 73, 5 N. E. 684; *Ivens* v. *Cincinnati, etc., R. Co.* (1885), 103 Ind. 27, 2 N. E. 134. It will be observed that the complaint in the instant case assumes to state such acts, and it therefore falls within the rule stated. Omitting the introductory parts of the com-

plaint, and the allegations of prior and subsequent cruel treatment, which it is alleged appellee received at the hands of appellant, and omitting the repeated epithets therein, the specific acts, which it is alleged caused appellee's injuries, may be stated briefly, but in substance fully, as follows: That when appellee was thirteen years of age appellant placed him in charge of a team of horses, which were restive in harness and would run away, and directed him to hitch said team to a dangerous cast iron roller, on which there were interlocking cogs, and to roll ground preparatory to sowing and planting appellant's crops; that appellee had not had theretofore any experience in farming, or managing horses or teams of horses, and did not have sufficient strength to control or guide the same, all of which facts appellant well knew.

2-3. It is also well settled that a complaint based on an alleged wilful injury, being *quasi* criminal in its nature, must be strictly construed. *Union Traction Co.* v. *Lowe* (1903), 31 Ind. App. 336, 67 N. E. 1021; *Dull* v. *Cleveland, etc., R. Co.* (1899), 21 Ind. App. 571, 52 N. E. 1013; *Vandalia R. Co.* v. *Clem* (1911), 49 Ind. App. 94, 96 N. E. 789; *Pittsburgh, etc., R. Co.* v. *Ferrell* (1907), 39 Ind. App. 515, 78 N. E. 988, 80 N. E. 425. An examination of the complaint with this rule in mind discloses that it is not alleged where the interlocking cogs on the roller were located, or that they were not housed, or otherwise guarded. It does not allege where appellee was required to be in operating said roller, whether on one of the horses, on the roller itself, walking behind the same, or elsewhere. It does not allege that the operation of said roller required him to be near said cogs, or how the running away of the horses, if it should occur, would endanger his safety. As for anything alleged, his duties may have required him to drive the horses by means of lines, while walking

behind the roller.   In that event he would have been in a place of comparative safety should the horses run away by reason of their restive nature, fright, or other causes.   While due precaution under such circumstances might have required that appellant should have anticipated that the horses in running away might break their harness, damage the roller, and injure themselves, it might well be questioned whether he should have anticipated that appellee would sustain an injury thereby. But even if due precaution should have so required, there are no facts alleged that would indicate that appellant's failure so to do, and to guard against injury to appellee thereby, was the result of anything more than mere inattention, thoughtlessness, or heedlessness which would constitute negligence, but not wilfulness, because of the absence of purpose or design.   *Parker* v. *Pennsylvania Co.* (1893), 134 Ind. 673, 34 N. E. 504, 23 L. R. A. 552; *Brooks* v. *Pittsburgh, etc., R. Co.* (1902), 158 Ind. 62, 62 N. E. 694; *Dull* v. *Cleveland, etc., R. Co., supra.*   But if the facts alleged were such as to show a very high degree of negligence on the part of appellant, still the complaint would be insufficient as a charge of wilfulness, as negligence and wilfulness are incompatible, and the former cannot be of such a degree as to become the latter.   *Brooks* v. *Pittsburgh, etc., R. Co., supra; Dull* v. *Cleveland, etc., R. Co., supra; Cleveland, etc., R. Co.* v. *Miller* (1898), 149 Ind. 490, 49 N. E. 445; *Vandalia R. Co.* v. *Clem, supra; Cleveland, etc., R. Co.* v. *Starks* (1910), 174 Ind. 345, 92 N. E. 54.

Acts which constitute wilfulness must not be mere acts of nonfeasance, but must be acts of aggressive wrong.   *Parker* v. *Pennsylvania Co., supra; Louisville, etc., R. Co.* v. *Bryan* (1886), 107 Ind. 51, 7 N. E. 807; *Gregory* v. *Cleveland, etc., R. Co.* (1887), 112 Ind. 385, 14 N. E. 228; *Miller* v. *Miller* (1897), 17 Ind. App. 605, 47 N. E. 338; *Cleveland, etc.,*

*R. Co.* v. *Tartt* (1894), 64 Fed. 823, 12 C. C. A. 618. If this essential element of a charge of wilful injury is otherwise absent in a complaint which assumes to state the specific acts which occasioned the injury, it cannot be supplied by the use of adjectives, such as "wilful," or "wanton," or the statement of conclusions, such as "with the intent to injure." *Cleveland, etc., R. Co.* v. *Asbury* (1889), 120 Ind. 289, 22 N. E. 140; *Walker* v. *Wehking* (1902), 29 Ind. App. 62, 63 N. E. 128; *Sherfey* v. *Evansville, etc., R. Co.* (1890), 121 Ind. 427, 23 N. E. 273; *Southern R. Co.* v. *McNeeley* (1909), 44 Ind. App. 126, 88 N. E. 710, 714; *Miller* v. *Miller, supra; Louisville, etc., R. Co.* v. *Wood* (1888), 113 Ind. 544, 14 N. E. 572, 16 N. E. 197. Under the rules stated and the authorities cited, we are clearly of the opinion that the complaint in the instant case, assuming, as it does, to state the acts which occasioned the alleged injury, falls far short of measuring up to the requirements of a charge of wilful injury, although it is alleged that the acts of appellant upon which the charge is based were wilfully and purposely done with intent to injure appellee. To hold otherwise would be out of harmony with the spirit of the numerous decisions of the courts of appeal in this state, wherein the sufficiency of charges of wilful injury have been considered, and would stand as a harmful precedent, in that it would recognize that acts, which in themselves are nothing more than mere negligence at most, may be so pleaded as to form the basis of a charge of wilful injury.

In view of the apparent theory on which the complaint is drawn, and the admission of appellee in that regard, we find it unnecessary to consider its sufficiency on any other theory than that of wilful injury. Having reached the conclusion that the court erred in overruling appellant's demurrer to the complaint, we deem it unnecessary to consider any of the remaining errors

assigned. The judgment is reversed, with instructions to sustain appellant's demurrer to the complaint, and for further proceedings consistent with this opinion.