. ELLEN F. COTTER, administratrix, petitioner.
ELLEN F. COTTER, administratrix, *vs.* BOSTON, REVERE BEACH AND LYNN RAILROAD COMPANY.

Suffolk.    November 8, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Exceptions, Special answers by jury. *Negligence,* Causing death.

Upon a petition for the establishment of an exception alleged by the plaintiff in an action of tort to have been saved to the ordering of a verdict for the defendant after the return of answers by the jury to special questions, where from the report of a commissioner it appeared that the trial judge did not remember that an exception was saved, that the plaintiff's counsel testified that one was saved and the defendant's counsel testified that it was not, and the commissioner, upon subsidiary findings of fact, found that, "though the matter is not entirely free from doubt," he was satisfied that an exception was saved, this court, "with some hesitation," concluded that an exception was saved legally and established the exception.

At the trial of an action under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, by an administrator against a railroad corporation for causing the death of the plaintiff's intestate, the trial judge submitted to the jury a question, "Did or did not the acts of . . . the deceased contribute to his injury?" The jury returned the question with an affirmative answer. The judge then asked the jury if they understood the question, which he phrased, "Did or did not any want of care on the part of . . . [the deceased] . . . contribute

to the accident?" and the jury answered affirmatively. *Held*, that the answer to the judge's oral question had the force of a special finding of fact.

Under counts of a declaration by an administrator against a railroad corporation alleging that conscious suffering and death of the plaintiff's intestate were caused by negligence of the defendant or its servants or agents, and not setting forth wanton or reckless misconduct of the defendant or its servants or agents as a cause of action, one count being based on St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, but containing no allegation that the intestate was a passenger, and the other two seeking recovery for conscious suffering, there can be no recovery if the jury find that want of care of the intestate contributed to the accident although they also find, in answer to a special question submitted to them, that "the acts of the defendant's servants and agents" were "wanton and reckless."

Want of due care is not a defence to an action against a railroad corporation under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, for causing the death of a passenger.

In an action by an administrator against a railroad corporation under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, for causing the death of the plaintiff's intestate while a passenger of the defendant, the declaration alleged as the cause of the death negligence of the defendant or its servants or agents. Special questions were put to the jury, but no special question as to whether negligence of the defendant or its servants or agents caused the death. They were asked, "Were the acts of the defendant's agents or servants wanton and reckless?" and answered affirmatively. They also were asked if want of care on the part of the intestate contributed to the accident and answered affirmatively. The judge ordered a verdict for the defendant. *Held*, that

(1) The intestate being a passenger, want of care on his part was not a defence to the action under the statute;

(2) The finding that "the acts of the defendant's agents and servants" were "wanton and reckless" was not a finding of the negligence alleged in the declaration;

(3) In order to recover upon the declaration it was necessary that negligence of the defendant or its agents or servants be found;

(4) There was a mistrial because the question, whether acts of the defendant's agents or servants were wanton and reckless, was not applicable to any issue raised by the pleadings, and because no question was submitted to the jury as to negligence of the defendant, its servants or agents, and that issue was not passed upon.

PETITION, filed on February 12, 1920, for the establishment of exceptions alleged to have been saved by the petitioner at the trial of an action brought by her as administratrix of the estate of Albert Cotter, late of Winthrop, against the Boston, Revere Beach and Lynn Railroad Company.

The petition was referred to a commissioner, who filed a report.

Proceedings at the trial of the action before *Bell*, J., both relating to the merits and to the saving of an exception by the plaintiff, are described in the opinion.

The case was submitted on briefs.

*F. Juggins & H. G. Alpert,* for the petitioner and plaintiff.

*T. Kelly,* for the respondent and defendant.

DE COURCY, J. The plaintiff sued to recover damages for the conscious suffering and death of her intestate, Albert H. Cotter. At the trial in the Superior Court the judge submitted to the jury certain questions in writing, and on the answers thereto he ordered the jury to return a verdict for the defendant. On the petition to establish exceptions the only issue is whether the attorney for the plaintiff duly saved and alleged an exception to this order. The matter was referred to a commissioner and among the facts reported by him are the following:

At the close of all the evidence the defendant moved that the trial judge direct a verdict in its favor. This matter was discussed at some length between the court and counsel in the lobby. Upon the denial of this motion there was some discussion about the submission of questions to the jury. The questions were prepared by the judge, and apparently were not seen by counsel until after the arguments. When the jury returned their answers to the questions submitted to them, the judge called counsel to the bench and directed their attention to the answers, and some discussion followed with reference to ordering a verdict, especially because of the answer given to the fifth question, following which a verdict was ordered for the defendant. Counsel for the plaintiff testified that the judge during the discussion stated he "would save the plaintiff's rights." This was denied by the defendant's attorney. No stenographer was present. The plaintiff's attorney did not seek to have any exception recorded at that time, but within eight or ten minutes later stated to the judge that he desired to make sure that his exception was noted. Thereupon, at the judge's suggestion, he dictated to the stenographer an exception to the order ordering a verdict for the defendant.

The trial took place on February 25–27, 1919. The plaintiff's bill of exceptions was filed on March 21, 1919. Consideration of its allowance was postponed from time to time until January 28, 1920, when the judge disallowed the exceptions. In his certificate, after referring to his practice "to make sure that all exceptions taken are entered at once," he states: "On the whole I am not satisfied that at the time of the conference I understood that

counsel was taking an exception." The commissioner reports: "The certificate of the presiding justice in disallowing the proposed bill of exceptions is of little assistance upon this issue. It is purely negative in character and merely indicates that the judge, as was natural, then had no recollection of the matter. The absence of the stenographer during the conference at the bench might account for any failure on his part to have an exception noted at that particular time; but it is not quite conceivable that the judge would, without protest, permit the subsequent interruption of the trial of another case for the recording of an exception eight or ten minutes after the jury had been discharged, unless he understood that an exception had been in fact alleged or saved substantially as counsel for the petitioner asserts. If this subsequent dictation of an exception had been the first suggestion of its allegation, it seems probable that the court would have in some manner had that fact appear in the record. Furthermore it is not quite conceivable that, in a case of this character, experienced counsel for the plaintiff would permit a direction of a verdict against his clients under circumstances like those appearing here without expressly claiming an exception, unless he felt that his rights in that regard were being saved or protected by the court. . . . Though the matter is not entirely free from doubt, upon a careful consideration of all the evidence I am satisfied that an exception was saved for the petitioner by . . . the judge during the conversation at the bench prior to the direction of a verdict for the defendant, and substantially in the manner described by counsel for the petitioner, and I so find." Accordingly he finds that the truth of the proposed bill of exceptions has been established.

The misunderstanding as to whether an exception was saved might well have been avoided if counsel for the plaintiff had brought the bill of exceptions to the consideration of the presiding judge within a reasonable time after the trial. However, in view of the findings of the commissioner, we conclude with some hesitation that the exception to the order directing a verdict was legally saved. *Commonwealth* v. *Min Sing*, 202 Mass. 121.

As to the merits. The plaintiff's declaration contained four counts. The second as amended is under the death statute, St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, not alleging that the intestate was a passenger; and the third and

fourth are for the recovery of damages for his conscious suffering. All three are based on the alleged "negligence of the defendant, its agents or servants." Want of due care on the part of the intestate, contributing to his injury, would be a defence to each of these counts. The fifth question submitted to the jury was: "Did or did not the acts of said Albert H. Cotter, the deceased, contribute to his injury?" It appears from the commissioner's report, that, when the jury returned with their answers, the judge asked them if they understood the question, which he then phrased: "Did or did not any want of care on the part of Albert Cotter contribute to the accident?" The written answer of the jury, later repeated orally, was "Yes." The evidence is not reported; and this answer has the force of a special finding of fact. *Spurr* v. *Shelburne*, 131 Mass. 429. *Burke* v. *Hodge*, 211 Mass. 156. Accordingly there was no error in ordering a verdict for the defendant as to these three counts.

The first count, under the death statute, alleged that the intestate was a passenger; and the jury so found. The plaintiff is not precluded from recovery even though her intestate was not in the exercise of due care. *Merrill* v. *Eastern Railroad*, 139 Mass. 252. *Renaud* v. *New York, New Haven, & Hartford Railroad*, 210 Mass. 553, 556. But it was essential that she establish negligence on the part of the defendant, which she alleged caused the injury. For some unexplained reason no question was submitted to the jury on this issue. The jury answered "Yes" to question four, "Were the acts of the defendant's agents or servants wanton and reckless?" It is argued by the plaintiff that wantonness and recklessness include negligence. Under our decisions, however, the difference between negligence, whether ordinary or gross, and conduct which is wilful, wanton, in reckless disregard of the rights of others, is a difference in kind and not merely one of degree. "In the first case the wrongdoer is guilty of nothing worse than carelessness. In the last he is guilty of a wilful, intentional wrong. His conduct is criminal or *quasi* criminal. If it results in the death of the injured person, he is guilty of manslaughter." *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269, 271. *Altman* v. *Aronson*, 231 Mass. 588. And the direction of a verdict must be taken to have been made in view of the allegation of the declaration. *Granara* v. *Jacobs*, 212 Mass. 271.

Nevertheless it seems to us there has been a mistrial on the first count. Neither this nor the other counts contained an allegation of "wanton and reckless" conduct, on the part of the defendant. Hence the fourth question submitted to the jury was not applicable to the issues raised by the pleadings. On the issue of the defendant's negligence, duly alleged in this count, no question was submitted to the jury as should have been done, and this issue was not passed upon. Accordingly there must be another trial on the first count; and as to that count only the exception must be sustained.

*So ordered.*