SAMUEL BRASSLAVSKY *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk. December 8, 1924. — December 9, 1924.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Street railway. *Evidence*, Presumptions and burden of proof.
*Pleading, Civil*, Declaration.

At the trial of an action of tort for personal injuries against a street railway
company, where the plaintiff in his declaration alleged that while he
was a passenger on one of the defendant's cars "a fuse blew out, on
account of the negligence of the defendant, its servants or agents" in
failing to exercise such inspection of the car as would have revealed the
defective condition of the fuse, and the plaintiff's evidence tended merely
to show that there was a "shock like a cannon," a loud noise and a
fire, and that the light in the car went out, while a foreman of the de-
fendant in charge of inspection of electrical equipment, called by the
plaintiff, testified that there was nothing about the car in question to
show that a fuse blew out, it was proper to order a verdict for the de-
fendant, there being no evidence of a blowing out of a fuse and that
being the sole allegation in the plaintiff's declaration concerning negli-
gence of the defendant.

TORT for personal injuries alleged to have resulted from
the blowing out of a fuse on a street car operated by the de-
fendant on which the plaintiff was a passenger. Writ dated
May 24, 1917.

In the Superior Court, there was a trial before *Cox*, J.
Material evidence is described in the opinion. At the close
of the evidence, by order of the judge, a verdict was entered
for the defendant and the judge reported the action to this
court for determination, it being stipulated that, if the order-
ing of the verdict for the defendant was correct, the verdict
was to stand; but if the case should have been submitted to
the jury, judgment was to be entered for the plaintiff in the
sum of $250.

*G. S. Ryan*, for the plaintiff.

*L. Powers*, for the defendant.

RUGG, C.J. This is an action to recover compensation
for personal injuries sustained by a passenger on one of the

defendant's cars. The declaration alleged that while the plaintiff was such passenger " a fuse blew out, on account of the negligence of the defendant, its servants or agents " in failing to exercise such inspection of the car as would have revealed the defective condition of the fuse.

There was evidence tending to show that there was " a shock like a cannon," a loud noise and a fire, and that the light in the car went out. Several witnesses testified in various forms of words to the noise and fire and smoke in the car. The plaintiff called as a witness a foreman of the defendant in charge of inspection of electrical equipment who testified that there was nothing about the car in question to show that a fuse blew out. His evidence tended in other respects to show that no fuse blew out. The judge directed a verdict for the defendant.

It must be held on this record that there was no evidence of the blowing out of a fuse. That was the sole allegation in the plaintiff's declaration concerning negligence of the defendant. It was said in *Granara* v. *Jacobs*, 212 Mass. 271, 275, " We must take it that the ruling of the judge was made with the declaration before him and in view of its averments. *Wallace* v. *New York, New Haven & Hartford Railroad*, 208 Mass. 16. The doctrine of *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70, 78, frequently has been applied to sustain a ruling made at a trial, but not, so far as we have found, for the purpose of reversing a ruling apparently made upon the issues raised by the pleadings." That principle is precisely applicable to the case at bar. *Cotter, petitioner*, 237 Mass. 68, 72. *Park & Pollard Co.* v. *Agricultural Ins. Co.* 238 Mass. 187, 195. It is not necessary to consider whether there was evidence of other negligence on the part of the defendant for the reason that no other negligence was charged in the declaration.

*Verdict to stand.*