MABEL SORRELL *v.* ALDONA WHITE.

January Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed February 5, 1931.

*Fenton, Wing, Morse & Jeffords* for the defendant.

*Novak, Bloomer & Spero* for the plaintiff.

280

MOULTON, J. The plaintiff has sued to recover damages for injuries sustained while riding as a guest in an automobile owned and driven by the defendant. On trial by jury the verdict was in her favor, and the defendant excepted. The questions presented here arise under exceptions to the denial of the defendant's motion to direct a verdict and to set aside the verdict and present the question whether the defendant was guilty of wilful negligence as provided in the statute hereinafter quoted.

Prior to the passage of No. 78, Acts of 1929, a person riding gratuitously as the guest of another in the latter's automobile and injured through the failure of the operator to use the care and prudence of a prudent man was entitled to recover. *McAndrews* v. *Leonard*, 99 Vt. 512, 527, 134 Atl. 710; *Robinson* v. *Leonard*, 100 Vt. 1, 9, 134 Atl. 706. But by the act referred to it is provided that: "The owner or operator of a motor vehicle shall not be liable in damages for injuries received by any occupant of the same occasioned by reason of the operation of said vehicle unless such owner or operator has received or contracted to receive pay for the carriage of said occupant, or unless such injuries are caused by the gross or wilful negligence of the operator."

The plaintiff's case was based upon this statute, and the declaration as originally filed charged gross negligence upon the part of the defendant. The trial court, however, at the close of the evidence, ruled that this charge had not been made out, and, after an appropriate amendment to the declaration had been filed, submitted to the jury the question whether the defendant was guilty of wilful negligence.

In construing a statute the fundamental rule is that the real meaning and purpose of the Legislature is the

thing to be ascertained, and if a fair and reasonable construction discloses it, it is to be given effect. *In re Fulham's Estate,* 96 Vt. 308, 314, 119 Atl. 433; *In re Estate of Wooley,* 96 Vt. 60, 64, 117 Atl. 370; *Catlin* v. *Hall,* 21 Vt. 152, 157. A statute is to be construed with reference to the old law, the mischief, and the remedy. *Sawyer* v. *North American Ins. Co.,* 46 Vt. 697, 706. Hence, the occasion or necessity of making the statute and its application to existing circumstances may be considered. *Dutton* v. *Vermont Mut. Fire Ins. Co.,* 17 Vt. 369, 374; *Legg, Admr.* v. *Britton,* 64 Vt. 652, 658, 24 Atl. 1016. The construction must be reasonable with reference to the evil which it was intended to remedy and the dangers and liabilities which it was intended to avert. *Bacon, et al.* v. *B. & M. R. R. et al.,* 83 Vt. 421, 430, 76 Atl. 128. As was said in *Silver* v. *Silver,* 108 Conn. 371, 143 Atl. 240, 242, 65 A. L. R. 943, in construing a statute similar in its provisions to the one before us: "We must assume that the Legislature was familiar with the decisions of this court permitting a recovery by a guest in an automobile for injuries resulting from the negligence of the owner or operator, and that, when it undertook to legislate upon that subject, it was with the purpose of making some change in the existing law."

By its express terms and by necessary implication the statute creates, with reference to injuries sustained by a guest riding gratuitously in the automobile of another, three classes or degrees of negligence; what we may, for present purposes, call ordinary negligence (see *Louisville & N. R. Co.* v. *Brown,* 186 Ky. 435, 217 S. W. 686), for which no recovery can be had; gross negligence, and wilful negligence, for either of which liability exists. Thus there has been effected a change in our previously existing law, because heretofore the term "gross negligence" has formed no separate division or degree of negligence except, perhaps, in the law of bailments. *McAndrews* v. *Leonard, supra,* pages 527, 528, of 99 Vt., 134 Atl. 710. The term "wilful negligence" has been hitherto completely unknown to us. But although the doctrine of definitive degrees of negligence is not recognized as a part of our common law, where, as here, it has been made the basis of a legislative rule, it cannot be treated as meaningless or denied application. *Lee* v. *Chamberlain,* 84 N. H. 182, 148 Atl. 466, 469.

■ Ordinary negligence is, of course, the failure to exercise that degree of care and prudence which a prudent man would exercise under like circumstances. Although, strictly speaking, wilful negligence alone is in question here, because the issue of gross negligence was not submitted to the jury, yet a definition of the former term involves an understanding of the scope of the latter, when used in connection with it. "Gross negligence" is defined and explained in judicial decisions in other jurisdictions, wherein two degrees only, ordinary and gross negligence, are recognized, and in them the term is given a meaning which includes all shortage of legal duty of a tortious nature which is not comprised within the limits of the lack of ordinary care. It is said, for example, that gross negligence is equivalent to the failure to exercise a slight degree of care. *Kane* v. *Boston Elevated Ry. Co.*, 217 Mass. 594, 105 N. E. 609, 610; *Weld* v. *Postal Telegraph Cable Co.*, 210 N. Y. 59, 103 N. E. 957, 961; *Hanes* v. *Shapiro et al.*, 168 N. C. 24, 84 S. E. 33, 36; *Louisville & N. R. Co.* v. *Brown, supra*, 186 Ky. 435, 217 S. W. 686, 687. Or, that it is equivalent to a wilful and wanton injury, the intentional failure to perform a manifest duty, and signifies wilfulness and involves an actual or constructive intent. *Bouchard* v. *Dirigo Mut. Fire Ins. Co.*, 114 Me. 361, 96 Atl. 244, 246. Or, that it signifies conduct more accurately described as wantonness. *Kennedy* v. *A. T. & S. F. Ry. Co.*, 104 Kan. 368, 179 Pac. 314, 316. Or a wanton, careless, and reckless disregard of the rights and safety of others. *State* v. *Disalvo*, 2 W. W. Harr (Del.) 232, 121 Atl. 661, 663; and see *People* v. *Barnes*, 182 Mich. 179, 148 N. W. 400, 406, 407.

■■ But these definitions are of little assistance in the present case. The Legislature has made a distinction between gross negligence and wilful negligence, and while it is plain to see that gross negligence is substantially and appreciably higher in magnitude and more culpable than what we have termed ordinary negligence (*Garland* v. *B. & M. R. R.*, 76 N. H. 556, 86 Atl. 141, 142, 46 L. R. A. [N. S.] 338, Ann. Cas. 1913E, 924, *Marcienowski* v. *Sanders*, 252 Mass. 65, 147 N. E. 275, 276), our inquiry must be directed to the difference between gross negligence and wilful negligence. There is a distinction between them. Wilful negligence is a greater degree of negligence than gross. *Kentucky Cent. R. R. Co.* v. *Carr* (Ky.), 43 S. W. 193,

194; *Slonicker* v. *Great Northern Ry. Co.*, 76 Minn. 306, 79 N. W. 168; *Ashton* v. *Blue River Power Co.*, 117 Neb. 661, 222 N. W. 42, 46. Indeed, it has been held that the difference is in kind and not in degree. *Stauffer* v. *Schlegel*, 74 Ind. App. 431, 129 N. E. 44, 46; *Cotter* v. *Boston, Revere Beach & Lynn R. R. Co.*, 237 Mass. 68, 72, 129 N. E. 426; *McIntyre* v. *Converse*, 238 Mass. 592, 594, 131 N. E. 198; 1 Thompson, Negligence, par. 21.

It has been said, and with reason, that the phrase "wilful negligence" is a contradiction in terms. *Simenauskas* v. *Connecticut Co.*, 102 Conn. 676, 129 Atl. 790, 792; *Neary* v. *N. P. Ry. Co.*, 41 Mont. 480, 490, 110 Pac. 226, 230. The terms "negligence" and "wilfulness" are incompatible and the opposite of each other, because negligence arises from inattention, thoughtlessness or heedlessness, while wilfulness cannot exist without purpose and design. *Parker* v. *Penn. Co.*, 134 Ind. 675, 34 N. E. 504, 506, 23 L. R. A. 552; *Cleveland, etc., Co.* v. *Miller*, 149 Ind. 490, 49 N. E. 445, 449; *Ft. Wayne, etc., Traction Co.* v. *Justus*, 186 Ind. 464, 115 N. E. 585, 587; *Rideout* v. *Winnebago Traction Co.*, 123 Wis. 297, 101 N. W. 672, 675, 69 L. R. A. 601; *Payne* v. *Vance*, 103 Ohio St. 59, 68, 133 N. E. 85, 87. In *Kelly* v. *Malott*, 135 Fed. 74, 76, 67 C. C. A. 54, the court says: " 'Negligence' and 'wilfulness' are as unmixable as oil and water. 'Wilful negligence' is as self-contradictory as 'guilty innocence.' " And in *Louisville, N. A. & C. Ry. Co.* v. *Bryan*, 107 Ind. 51, 7 N. E. 807, 809: "The words 'wilful' and 'negligent,' used in conjunction, have not always been employed with strict regard for accuracy of expression. To say that an injury resulted from the negligent and wilful conduct of another is to affirm that the same act is the result of two exactly opposite mental conditions. It is to affirm in one breath that an act was done through inattention, thoughtlessly, heedlessly—and at the same time purposely and by design. It seems to be supposed that, by coupling the words together, a middle ground between negligence and wilfulness, between acts of non-feasance and misfeasance, may be arrived at. It is only necessary to say that the distinction between cases falling within the one class or the other is well defined, and cases in neither class are aided by importing into them attributes pertaining to the other."

Nevertheless, however inappropriate the term "wilful negligence" may be, it has come to have a well-settled significa-

tion in the law. *Victor Coal Co.* v. *Muir,* 20 Col. 320, 340, 38 Pac. 378, 385, 26 L. R. A. 435, 46 A. S. R. 299; *Muller* v. *Dewey,* 159 Minn. 173, 176, 198 N. W. 428. When the wilfulness is referred to the breach of duty instead of to the injury caused or damage done, the term is not improper. *Foot* v. *Seaboard Air Line Ry. Co.,* 132 N. C. 52, 54 S. E. 843, 844.

To be wilfully negligent, one must be conscious of his conduct and, although having no intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury. *Bernier* v. *Illinois Cent. R. R. Co.,* 296 Ill. 464, 129 N. E. 747, 749; *Payne* v. *Vance, supra,* 103 Ohio St. 59, 133 N. E. 85, page 88; *Staub* v. *Public Service Ry. Co.,* 97 N. J. Law, 297, 117 Atl. 48-50. "An intentional disregard of a known duty necessary to the safety of the person or property of another and an entire absence of care for the life, person, or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness such as charges the person whose duty it was to exercise care with the consequences of a legal injury." *Jeneary* v. *C. & I. Traction Co.,* 306 Ill. 392, 138 N. E. 203, 206; *Bordonaro* v. *Senk,* 109 Conn. 428, 147 Atl. 136, 137. "When a person charged with an important duty voluntarily does or omits something in respect to such duty indicating a reckless or wanton disregard of consequences to the rights or personal safety of another, his conduct is characterized as 'wilful negligence.' " *Victor Coal Co.* v. *Muir, supra.* It is not necessary that the existence of ill will should be shown. *Bernier* v. *Ill. Cent. R. R. Co.,* 296 Ill. 464, 129 N. E. 747, 749; *Heidenreich* v. *Bremner,* 260 Ill. 439, 446, 103 N. E. 275; *Jeneary* v. *C. & I. Traction Co., supra; Payne* v. *Vance, supra.* Although wilfulness imports intent (*Sharkey* v. *Skilton,* 83 Conn. 503, 77 Atl. 950, 951), yet where the act is grossly reckless there is a constructive intention as to the consequences, which, entering into the wilful, intentional act the law imputes to the offender, and thus what would otherwise be negligence merely becomes, by reason of a reckless disregard of the probable consequences of the act, a wilful wrong. *Aiken* v. *Holyoke St. Ry. Co.,* 184 Mass. 269, 68 N. E. 238, 239. *Bremer* v. *L. E. & W. R. Co.,* 318 Ill. 11, 148 N. E. 862, 866, 41 A. L. R. 1345. There may be a wilful wrong without a direct design to do harm, and the

term "wilful negligence" means a failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another. *Palmer* v. *C. St. L. & P. R. Co.,* 112 Ind. 250, 14 N. E. 70, 73. As Mr. Thompson says in his Commentaries on the Law of Negligence, Vol. 1, par. 20: "The true conception of wilful negligence involves a deliberate purpose not to discharge some duty, necessary to the safety of the person or property of another, which duty the person owing it has assumed by contract, or which is imposed upon the person by operation of law."

In describing the quality of an act the standard applied is, as Mr. Justice Holmes says, external, and the words "intent" and "negligence" refer to an external standard. "If the manifest probability of harm is very great, and the harm follows, we say that it is done maliciously or intentionally; if not so great, but still considerable, we say that the harm is done negligently; if there is no apparent danger, we call it mischance." "Privilege, Malice and Intent," 8 Harv. Law Rev. 1, Holmes, "Collected Legal Papers," 117.

Herein, we think, lies the distinction between gross and wilful negligence as intended by the statute. Gross negligence falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong. *Altman* v. *Aronson,* 231 Mass. 588, 592, 121 N. E. 505, 4 A. L. R. 1185; *Lee* v. *Chamberlain,* 84 N. H. 182, 148 Atl. 466, 467. Wilful negligence involves the element of conduct equivalent to a so-called constructive intent. For present purposes it is unnecessary—perhaps, in any event, it is impossible—more exactly to locate the shadowy line of demarkation between the two. At best the boundary can only be approximated.

It must be admitted that this distinction is somewhat artificial, but artificiality is unavoidable when one attempts to define a phrase which in itself is a contradiction. While many of our decisions have defined the word "wilful" as used in statutes relating to certified executions or bankruptcy, we have derived no assistance from them because the word is not therein used as qualifying the word "negligence."

Taken in the light most favorable for the plaintiff, the evidence tended to show the following facts: The defendant met the plaintiff as she was walking along the highway and asked her whether she wanted to ride home. She replied that she

did and entered the automobile. After proceeding about half a mile, the speed of the car being then increased to forty-five to fifty miles an hour, they came to a sharp curve in the highway. Just before reaching it there was a sign calling attention to the fact that it was dangerous. The defendant was acquainted with the locality. A witness named Waters, who was riding on the front seat with the defendant, told him to be careful. The plaintiff, on the rear seat, implored him to "slow up" and "not go so fast." But the defendant "just grinned" and maintained the same speed. As the car entered the curve it ran into a drainage ditch at the edge of the road, and hit a telephone pole, ten inches in diameter, which it broke off, coming to a stop 150 feet beyond the pole. The plaintiff was thrown out and injured.

With the evidence standing thus, the jury would doubtless have been justified in finding that the plaintiff's injuries were proximately caused by the failure of the defendant to exercise the care and prudence of a prudent man, if it had been proper to submit this question for its determination. But whether the evidence tended to show that the fault was of a more culpable nature than ordinary negligence is quite a different matter. In deciding this question the construction upon similar conduct by other courts is helpful.

In *Meyer* v. *Hart*, 110 Conn. 244, 147 Atl. 678, the plaintiff was a guest riding in the defendant's automobile. The defendant drove the car down a steep hill on a main thoroughfare with an intersecting street at the foot. The speed was thirty-five miles an hour, increasing as the car descended the grade. The pavement was wet and slippery, and the defendant was well acquainted with the situation. The plaintiff cautioned him as to the speed at which he was driving. At the intersection, a truck approached and in seeking to avoid it the defendant applied the brakes, lost control of the car, which skidded, and the plaintiff was thrown out and injured. A statute made the defendant's liability to depend upon the showing of an intentional act or upon his heedlessness or reckless disregard of the rights of others. It was held his conduct was such as to endanger the safety of the plaintiff, and the continuance at the speed shown in disregard of the plaintiff's caution to drive more slowly was a reckless disregard of his safety.

In *Pepper* v. *Morrill* (C. C. A.), 24 Fed. (2nd) 320, 321, 57 A. L. R. 750, the plaintiff was riding as a guest of the defendant, who was driving at the rate of fifty miles an hour. She cried out several times and told him "to go easy and stop" as they approached a fork in the road, on a descending grade. The defendant attempted to turn at the fork, but the car collided with a fence and telegraph pole, breaking it off, and plaintiff was injured. The court held that the evidence fully sustained the finding that the defendant was guilty of gross negligence.

In *Manning* v. *Simpson*, 261 Mass. 494, 159 N. E. 440, evidence that the defendant, meeting another automobile on a curved and slippery road and fearing a collision, put on additional speed and drove across the track of the approaching car, in an attempt to enter a driveway, which resulted in injury to the plaintiff, his guest, warranted a finding by the jury of an utter disregard of the dictates of prudence amounting to complete neglect of the safety of the guest which would constitute gross negligence.

In *Adair* v. *Newkirk*, 148 Wash. 165, 268 Pac. 153, a finding of gross negligence was held to be sustained by evidence which showed that the defendant attempted to pass another car, when there was not sufficient room to do so without colliding with an automobile approaching from the opposite direction. So, too, in *Terlizzi* v. *Marsh*, 258 Mass. 156, 154, N. E. 754, where the defendant encouraged and permitted a child of seven and one-half years to ride on the running board of his car, and as he drove at an excessive speed and turned his car on a rough roadway, the child was thrown off and injured, the question of gross negligence was held to have been properly submitted to the jury. It is to be noticed that in each of these cases only two degrees of negligence are recognized.

On the other hand, the defendant cites *Ascher* v. *Friedman, Inc.*, 110 Conn. 1, 147 Atl. 263, and *Blood* v. *Austin*, 149 Wash. 41, 270 Pac. 103. In both of these cases the situation was somewhat analogous to that in the case at bar in that the accident happened in taking a sharp turn, after a warning to the driver as to the speed. In neither case was there held to be a question for the jury; in one, as to reckless disregard of the rights of a guest, in the other, as to gross negligence. But in each the speed of the car was less than it is shown to have been

here, and we prefer the reasoning of the cases heretofore mentioned.

After a careful consideration of the foregoing authorities, and others, not so pertinent perhaps, but illustrative of the application of the principle involved herein, we conclude that the evidence in the case before us was such that the jury were justified in finding that the defendant acted with such reckless disregard of the consequences as affecting the safety of the plaintiff, that he became guilty of wilful negligence; and moreover that a finding that he was guilty of gross negligence would also have been justified, if that question had been submitted. There was no error in the denial of the motion for a verdict. What we have said disposes also of the exception to the denial of the motion to set aside.

*Judgment affirmed.*