Morrow v. Munson, No. S0945-04 CnC  (Norton, J., Nov. 29, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT                                          SUPERIOR COURT
Chittenden County, ss.:                              Docket No. S0945-04 CnC


MICHAEL DEREK MORROW

v.

KAREN J. MUNSON


ENTRY


        Landlord Karen Munson appeals a small claims court decision requiring her to return double the security deposit amount that her tenant, Michael Derek Morrow, remitted upon signing a lease to her apartment. The small claims court held Ms. Munson liable for double the amount pursuant to 9 V.S.A. § 4461(e), finding that she had willfully neglected to provide Dr. Morrow appropriate notice of her withholding a portion of the security deposit. Ms. Munson also argues that the small claims court abused its discretion by not finding that certain damages occurred to the apartment. This court affirms.

        Dr. Morrow rented the apartment site-unseen with a lease beginning in December. As part of the lease, Dr. Morrow remitted a $745.00 security deposit. After he complained of a number of health code violations, Ms. Munson agreed to release him from the lease. Dr. Morrow then vacated the apartment on February 14, 2004, and Ms. Munson received notification that he had left on February 16. At the time, Ms. Munson was about to leave the country, so Dr. Morrow granted her an extension of 14 days from March 1 in which she could return his security deposit or provide notice of withholding

the deposit. Ms. Munson sent a notice on March 17—three days beyond the agreed extension—that she was withholding half of the deposit because of damages to the apartment. The small claims court found that this delay was wilful on Ms. Munson's part, and therefore awarded Dr. Morrow twice the amount of his security deposit ($1490.00).

Ms. Munson raised a number of damages to the apartment, claiming that she was entitled to compensation from Dr. Morrow. These damages included scratches to the floors and windowsills, stains on the rug, a heater filter clogged with dog hair, a ruined power cord to the refrigerator, a ruined weatherstrip on the front door, scuff marks on the walls, and dog feces from Dr. Morrow's pets in the yard. The small claims court heard testimony from both parties regarding each of these damages and found only the evidence of scratches to be credible. It therefore deducted $290 in compensation for Ms. Munson from the $1490.00 awarded to Dr. Morrow.

On appeal of a small claims court decision, this court's standard of review is one of high deference. The court is limited to questions of law, Vt. R. Small Claims P. 10(d), and must be mindful that small claims court exists "to secure the simple, informal, and inexpensive disposition" of claims, Vt. R. Small Claims P. 1. Small claims court findings "must be construed, where possible, to support the judgment" and the procedural informality of small claims does not authorize an appellate court to make its own substantive findings. Kopelman v. Schwag, 145 Vt. 212, 214 (1984).

Section 4461 in Title 9 of the Vermont Statutes Annotated states:

> If a landlord fails to return the security deposit with a statement within 14 days, the landlord forfeits the right to withhold any portion of the security deposit. If the failure is wilful, the landlord shall be liable for double the amount wrongfully withheld, plus reasonable attorney's fees and costs.

The code does not define "wilful," but courts generally define this term to mean "[v]oluntary and intentional." Black's Law Dictionary 1630 (8th ed. 2004); see also In re Dunham, 144 Vt. 444, 447 (1984) (holding that "wilful" element in murder statute indicates that "intent is an element of second degree murder"); Sorrell v. White, 103 Vt. 277, 284 (1931) (defining "wilful negligence" as voluntary and intentional disregard of known duty). Hence, mere failure to return a security deposit within 14 days would not

be wilful without additional evidence showing that the failure was voluntary and intentional. Otherwise, the legislature's distinction between the penalty for failure to return a deposit and the penalty for wilful failure to return a deposit would be meaningless.

Here, there was enough evidence to justify the finding that Ms. Munson's delay was wilful. Dr. Morrow had given Ms. Munson an extension, tolling the 14-day period for about two weeks. Regardless, even after being on notice that she had this extended deadline, Ms. Munson still failed to provide Dr. Morrow notice of her withholding half of his security deposit. Thus, a factfinder could reasonably determine that Ms. Munson wilfully delayed the return of Dr. Morrow's deposit.

With regard to the small claims court findings on damages to the apartment, the court has listened to the small claims court hearing and reviewed the hearing exhibits. The small claims court findings were reasonable and within its discretion based on this record.

ORDER

For the foregoing reasons, the small claims court judgment is AFFIRMED.


Dated at Burlington, Vermont, November 29, 2004.


_____/s/_____
Richard W. Norton    Judge