Mullen and Hahn, Appellants, *v.* Verna et ux.

Argued December 9, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*Sylvan H. Hirsch,* and with him *James R. Wilson* and *Sundheim, Folz & Sundheim,* for appellants.

*Yale L. Schekter,* for appellee.

Opinion by Stadtfeld, J., January 28, 1932:

This action was upon a scire facias sur mortgage, to which an affidavit of defense was filed, setting up that the mortgage was a forgery, that defendants had never authorized or ratified the mortgage, and that defendants had never received any money or other consideration from the plaintiffs. Plaintiffs filed a reply, averring that defendants did sign the mortgage, and did receive the mortgage money. The case was tried upon the issues thus raised, and the verdict of the jury was for defendants.

The mortgage in suit is dated February 7, 1929 in the principal sum of $1,500, between plaintiffs as mortgagees, and defendants as mortgagors, secured on premises, 1114 Latona Street, Philadelphia.

The mortgage purports to be signed by defendants, but they both testified the signatures were forgeries.

Settlement for the mortgage in question was held at the office of the Federal Trust Company with which

plaintiffs had deposited $1,500 to apply to the same. One of the plaintiffs was present, but defendants were not there. The mortgage bearing the alleged signatures of defendants was produced by one Gonnelli, who had made the application for title insurance, and was likewise the notary public who had taken the acknowledgment on the mortgage. Check for the proceeds of the settlement was drawn to the order of defendants, and handed to Gonnelli. This check was cashed, and the endorsements on the back were likewise claimed by defendants to be forgeries, they testifying that they had no knowledge of the placing of the mortgage, and received none of the proceeds.

The contention of plaintiffs upon the trial of the case was that defendants had given Gonnelli authority to sign their names. The verdict establishes that the defendants did not authorize Gonnelli to sign the mortgage for them, or to be their agent.

The plaintiffs, in their case in chief, offered in evidence the check for $1,500, which they say represented the monies loaned upon the mortgage in suit. Defendants were permitted in their case to testify that they did not receive this check, and that the endorsements of their signatures on this check were forgeries. The admission of this testimony embodies the principal assignment of error.

The entire argument of appellants is built upon the proposition that if a person constitutes another his agent in a real estate or mortgage transaction, such person cannot avoid his deed or mortgage by proof that his agent received the consideration or mortgage money, and failed to pay it over to him. This is correct as an abstract proposition, but has no application to the present case, because the fact of agency in the execution of the mortgage, or in any other respect, is, under the verdict of the jury, not present. All of the

cases cited by appellants are cases where the agency was admitted, or found as a fact.

In the instant case, neither Gonnelli nor the title company was ever authorized to act in any respect for or on behalf of the defendants.

When the plaintiffs in their case in chief offered in evidence their check for $1,500 to the order of the title company, it was competent and proper for defendants to testify that this money was never received by them, or by anybody for them, in whole or in part.

At the time the forged mortgage was placed on record, there was another mortgage outstanding, on which there was due a balance of $101.50. The title insurance company paid this balance out of the mortgage money. The failure of the jury to find in favor of plaintiffs for this sum as directed by the court, while assigned as error, is not embraced in the statement of questions involved. This direction on the part of the court was based upon the agreement of counsel at the trial that this sum should be repaid to plaintiffs, since it had accrued to the benefit of defendants. This matter was not involved in the issue as tried, and the refusal to grant a new trial because of the failure of the jury to find in that respect as directed, was within the discretion of the trial judge.

The case was fairly submitted to the jury, and the verdict was fully justified under the evidence.

The assignments of error are therefore overruled, and the judgment of the court below is affirmed.