JOHN B. DESSEREAU *v.* JOHN G. WALKER.

October Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1933.

*Marcell Conway* for the defendant.

*J. Ward Carver* for the plaintiff.

MOULTON, J. The plaintiff was riding with the defendant, in the latter's automobile, as an invited guest. An accident occurred, and this action has been brought to recover damages for the injuries sustained therein, caused, as is claimed, by the gross negligence of the defendant, who was operating the car. The verdict was for the plaintiff, and thereafter the defendant moved to set it aside. The motion was overruled, and he excepted. This exception presents the only question for review. The ground relied upon is that there was no evidence on which the jury would be warranted in finding that the plaintiff had established gross negligence on the part of the defendant.

The statute under which this proceeding has been brought (No. 78, Acts 1929) provides that "the owner or operator of a motor vehicle shall not be liable in damages for injuries received by any occupant of the same occasioned by reason of the operation of said vehicle unless such owner or operator has received or contracted to receive pay for the carriage of said occupant, or unless such injuries were caused by the gross or wilful negligence of the operator." The term "gross negligence" has been defined in the recent case of *Shaw, Admr.* v. *Moore,* 104 Vt. 529, decided at the October, 1932, Term of this Court as follows:

"Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is, in gross negligence, magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is manifestly a smaller amount of watchfulness and circumspection than the circumstances require of a prudent man. But it falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong." In the instant case the jury was instructed in accordance with this definition.

■■ Since the motion to set aside the verdict is upon the ground of lack of supporting evidence, it is the same in nature and substance as a motion for a directed verdict, and the ruling of the trial court in denying it must be sustained if the evidence, taken in the most favorable light for the plaintiff, fairly and reasonably tends to support the verdict. *Paska* v. *Saunders*, 103 Vt. 204, 216, 153 Atl. 451; *State* v. *Pierce*, 103 Vt. 383, 386, 154 Atl. 675; *Shields et al.* v. *Vermont Mutual Fire Insurance Co.*, 102 Vt. 224, 255, 147 Atl. 352; *Farnham & Sons* v. *Wark*, 99 Vt. 446, 451, 134 Atl. 603; *Spaulding, Admr. et al.* v. *Mutual Life Ins. Co.*, 94 Vt. 42, 57, 109 Atl. 22. The effect of modifying evidence is to be excluded. *State* v. *Pierce, supra,* page 387 of 103 Vt., 154 Atl. 675. It is for the jury to construe the evidence and determine its weight. *French* v. *Wheldon*, 91 Vt. 64, 69, 99 Atl. 232.

■ Viewed in the manner stated, the evidence tended to show the following facts: The defendant's automobile was a Model T Ford roadster with a rumble seat. There were seven occupants—the defendant, who was driving; the plaintiff and James Ironsides, who sat on the same seat with him; John Scrizzi and Ralph Humphrey, who sat on the rumble seat; and Norman Gray and Neil Gapit, who sat on the top of the car, which had been folded down and rested upon the back of the

front seat. The party had been attending the fair at Morrisville, and at about 12.15 at night, started for their respective homes in Barre. There was a heavy fog which obscured the sight of the road and caused the lights of the car to reflect back. The windshield was opaque from the moisture that had collected upon it, and the windshield wiper was not in operation. The defendant drove leaning out to the left side of the car, thus looking around the edge of the windshield. The others became alarmed at the fog and the speed of the car, and several of them remonstrated. The plaintiff more than once told the defendant to ''go slow, there are so many in the car'' or to ''take it easy, it is a bad night,'' the first time being shortly after they had left the village of Morrisville. Scrizzi warned him a little later, and so did Gray, once at least. About ten minutes before the accident happened, the plaintiff asked him whether he could see, and he momentarily withdrew his head from beyond the windshield to have the question repeated and answered that he could. Between 100 and 200 yards from a sharp curve to the right they entered a bank of fog so dense that the guard rails beside the road were invisible. The speed was approximately 40 miles an hour. The automobile, which was being driven on the lefthand side of the road, struck the soft shoulder on the outside edge of the curve, went off the highway and was overturned.

In view of the evidence of the speed of the car, the lack of visibility, the heavy load due to the number in the automobile, and the repeated warnings from the other members of the party, we think that it cannot be said as a matter of law that there was a lack of evidence fairly and reasonably tending to show that the defendant was guilty of conduct which contained an element of culpability of an aggravated character substantially and appreciably greater in magnitude than that which characterizes so-called ordinary negligence, and amounting to gross negligence within the definition of that degree as hereinbefore stated. There was no error in the denial of the motion.

*Judgment affirmed.*