ALEXANDER FRANZONI *v.* GENO RAVENNA ET AL.

Special Term at Rutland, November, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1933.

*Fenton, Wing, Morse & Jeffords* for the defendant Ravenna.

*Jones & Jones* for the plaintiff.

POWERS, C. J. Ravenna's automobile, in which Franzoni was riding as a gratuitous guest, collided with a truck driven by Peterson. Franzoni was hurt, and he brought this suit against both Ravenna and Peterson, claiming a recovery against the former on the ground of gross negligence, and against the latter on the ground of ordinary negligence. A trial by jury resulted in a verdict for Peterson and against Ravenna. The latter excepted, and the only question relied upon in this Court arises from the ruling of the court refusing to grant Ravenna's motion for a verdict.

The accident happened on the morning of March 10, 1931, on the highway between Center Rutland and Proctor. The road was deeply rutted, and the walls of the ruts were frozen. Ravenna was driving his car, the plaintiff sat on the front seat with him, and three other passengers were riding on the back seat. Ravenna's car was going northerly and there were two sets of ruts in the road. Instead of his taking the ruts on the right-hand side of the road, he was driving with his right wheels in one set of ruts and his left wheels in the other set. When he saw the truck approaching from the north, Ravenna seasonably attempted to turn his car to the right, but he could not get the wheels out of the ruts. He persisted in this attempt and finally brought his front wheels out, but was unable to get his rear wheels out. So he turned the front wheels back into the ruts. Again he attempted to force his car out of the ruts to the right and continued in this attempt until it was too late to stop his car, and it crashed into the truck, which had in the meantime been brought to a stop.

Counsel agree that there can be no recovery against Ravenna unless his handling of his car amounted to gross negligence. They agree that the term "gross negligence" is correctly defined in *Sorrell* v. *White*, 103 Vt. 277, 153 Atl. 359, and *Shaw, Admr.* v. *Moore,* 104 Vt. 529, 162 Atl. 373. So the rule that we are to apply is that gross negligence is higher in degree and more culpable in character than ordinary negligence—that it amounts to a failure to exercise a slight degree of care.

Tested by this rule, the record before us fails to justify a recovery against Ravenna. That he was careless, either in getting into the two ruts he appears to have chosen, or in his persistent attempts to force his car out of them, or both, may be admitted. That he should have stopped his car long enough

66

before he hit the truck to have avoided a collision is quite apparent. But he was all the time trying to avoid an accident. He was doing his best to accomplish that result. He made a mistake, to be sure, perhaps a series of them, but he was not so far wrong as to evoke a protest from any of his passengers, and there is nothing in the record to indicate an indifference to his duty to his guests or an utter forgetfulness of their safety.

*Judgment reversed, and judgment for the defendant to recover his costs.*