CARL ANDERSON *v.* ROBERT OLSON.

November Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1934.

*Finn & Monti* for the defendant.

*J. Ward Carver* for the plaintiff.

MOULTON, J. Taking the evidence most favorably for the plaintiff the jury would have been justified in finding the following facts: The plaintiff, who was the invited guest of the defendant, was riding in an automobile driven by the latter. The defendant was wide awake. The road was descending, about twenty-five feet in width, and on the right there was a guard fence painted white. The time was somewhat after one o'clock in the morning, but the visibility was good. It was not claimed that the speed was excessive. The automobile was quite new and in good condition; the lights were adequate and the tires were properly inflated. The defendant was reasonably familiar with the road although the existence of the descent at that point had escaped his mind. As he proceeded down the grade he noticed that he was close to the fence, and, fearing that the car would collide with it, turned abruptly to the left. The car swung almost directly across the road, struck a bank on the left, ran part way up it and overturned, inflicting the injuries to recover for which the plaintiff has brought this action. If the defendant had not turned to the left or if he had not turned so far in that direction, the car would have remained in the road without mishap. He did not apply the brake after making the turn, although if he had done so, the accident would have been avoided. He did not, to his knowledge, press the accelerator, but the car did not go across the road and up the bank without the use of gasoline. To use his own phrase, he "got nervous and lost his head."

The only question for review is whether the trial court erred in denying the defendant's motion for a directed verdict, based upon the lack of evidence tending to show gross negligence, as required by No. 78, Acts of 1929.

Gross negligence has been defined in *Shaw, Admr.* v. *Moore,* 104 Vt. 529, 531, 162 Atl. 373, 86 A. L. R. 1139, and *Dessereau* v. *Walker,* 105 Vt. 99, 101, 163 Atl. 632, and it is not necessary to repeat what has been stated therein. It is

sufficient to say that the foregoing facts do not bring this case within the definition. Negligence there may have been, but nothing appreciably higher in degree and more culpable than that. There must be something more than an error in judgment, momentary inattention, or loss of presence of mind, in circumstances such as these, in order that there may be indicated an indifference to the duty owed to a guest or an utter forgetfulness of his safety: See *Franzoni* v. *Ravenna*, 105 Vt. 64, 66, 163 Atl. 564.

*Judgment reversed, and judgment for the defendant to recover his costs.*