MARGUERITE L'ECUYER *v.* EARL FARNSWORTH.

January Term, 1934.

Present: SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed February 6, 1934.

*Wm. R. McFeeters* for the plaintiff.

*M. G. Leary* and *K. Paul Fennell* for the defendant.

THOMPSON, J. This is an action of tort in which the plaintiff seeks to recover damages for personal injuries received in an automobile accident while riding as a guest in the defendant's automobile. She alleges in her complaint that the accident was caused by the gross and wilful negligence of the defendant in the operation of his car. At the close of the evidence, the court directed a verdict for the defendant on the ground that the plaintiff had not proved that the defendant was guilty of gross negligence in the operation of his car. The plaintiff was allowed an exception.

The parties and a Miss Leonard, who was driving the car at the time of the accident, live in Vergennes. The accident occurred in February, 1932. The defendant, who had been in poor health for some time, desired to go to Burlington to see his physician, and he asked Miss Leonard to drive his car for him. She agreed to drive it, and, with his consent, asked the plaintiff to go with them. The plaintiff knew that Miss Leonard was going to drive the car. They left Vergennes about seven o'clock in the evening, stayed in Burlington about an hour and a half, and then started on the return trip. The defendant's car was a Chevrolet coupe.

The following facts appear from the evidence viewed in the light most favorable to the plaintiff.

The road from Burlington to Vergennes has a cement surface through the town of Charlotte. When they started for home it had grown colder and was raining. The road was slippery in places caused by the rain freezing on its hard surface. After they had traveled ten or fifteen miles from Burlington, the plaintiff had noticed two slippery places in the road, and, ten or fifteen minutes before the accident occurred, she asked Miss Leonard "once or twice not to go too fast." The plaintiff testified that the accident happened so quickly that she could not tell how it happened; but she remembered that the car swerved, that it went forward and then back, and finally came in contact with a tree; that she didn't remember hardly anything after that.

The accident happened near Charlotte village. They had traveled down a long hill, called Mutton Hill, and, after a turn at the bottom to the left, the road toward Vergennes was nearly straight with a slight grade. While traveling over this part of the road, they came to a place where the road was shaded on both sides by trees and bushes and was very slippery. It appears from the uncontradicted testimony of the defendant that when they came to this place, the rear end of the car suddenly skidded to the left and the car made a half turn on the cement; that it then skidded and slid backward on the cement about two hundred feet, when it slid off the cement and against a tree on the westerly side of the road six or eight feet from the shoulder of the road. The impact caused the injuries suffered by the plaintiff, and wrecked the car.

No evidence was introduced as to the rate of speed at which the car was traveling before and at the time of the accident.

The plaintiff argues that the rate of speed in miles per hour at which the car was traveling is no consequence; that the circumstances under which the accident occurred are such that the only rational explanation of it is that it was caused by excessive speed.

There are cases where negligence can be inferred from the circumstances under which an accident occurs, but this is not such a case. It is matter of common knowledge, of which we take notice, that the sudden and unexpected skidding of an automobile is one of the natural hazards of driving cars on icy roads, and it may happen to the best of operators; and the viatic vagaries of automobiles when skidding on icy roads are as well known to automobile drivers as those of cows. *Bombard* v. *Newton,* 94 Vt. 354, 357, 111 Atl. 510, 11 A. L. R. 1402. The mere fact that the defendant's car skidded does not of itself constitute negligence on the part of its operator. *Williamson* v. *Clark,* 103 Vt. 288, 291, 153 Atl. 448. It is true that the plaintiff asked Miss Leonard ten or fifteen minutes before the accident occurred ''not to go too fast,'' but that is not evidence that she was driving at an excessive rate of speed at that time or at the time the car commenced to skid. There is no evidence in the record that the accident was caused by the excessive speed at which the car was being driven.

█ Even if it could be said that the accident was caused by the negligence of Miss Leonard, there is nothing in the record that indicates an indifference by her to her duty to her guest or an utter forgetfulness of her safety, which is the test of gross negligence. *Shaw, Admr.* v. *Moore,* 104 Vt. 529, 531, 162 Atl. 373, 86 A. L. R. 1139; *Franzoni* v. *Ravenna,* 105 Vt. 64, 66, 163 Atl. 564; *Dessereau* v. *Walker,* 105 Vt. 99, 101, 163 Atl. 632; *Anderson* v. *Olson,* 106 Vt. 70, 169 Atl. 781 (decided January Term, 1934).

*Judgment affirmed.*