ALICE L. POWERS *v.* EARL H. LACKEY, JR.

May Term, 1938.

Present: MOULTON, SHERBURNE, BUTTLES and STURTEVANT, JJ., and CLEARY, Supr. J.

Opinion filed October 4, 1938.

*Fenton, Wing & Morse* and *John A. M. Hinsman* for the defendant.

*Asa S. Bloomer* for the plaintiff.

MOULTON, J. ██ ██ There is no concrete rule by which the existence of gross negligence can be determined, for each case must be judged according to .its own facts. *Rich* v. *Hall,* 107 Vt. 455, 459, 181 Atl. 113; *Hall* v. *Royce,* 109 Vt. 99, 104, 192 Atl. 193. When, as here, the question arises upon the defendant's motion for directed verdict in an action based upon the provisions of P. L. 5113, the test is whether his conduct in the given situation was such that it can reasonably be inferred that it was the result of an indifference to his duty to his guest or an utter forgetfulness of the latter's safety. *Franzoni* v. *Ravenna,* 105 Vt. 64, 66, 163 Atl. 564; *Anderson* v. *Olson,* 106 Vt. 70, 72, 169 Atl. 781.

██ Taking the·evidence in the most favorable light for the plaintiff, it was open to the jury to find that the gravelled high-

way was twenty-four feet wide; that the defendant knew that traffic approaching from the opposite direction was to be expected; that he was familiar with the road, and with a side road to the left, into which it was his intention to turn; that he drove his automobile in a northerly direction, at a speed of twenty-five miles an hour, into a bank of fog so dense that nothing could be seen beyond the radiator of his car, proceeded for a distance of 100 feet on the left of the center of the road and then turned to the left to enter the side road; that, in so doing, he did not pass to the right of, and beyond the center of the highway as required by P. L. 5110, subd. III, but cut diagonally across the lane of opposing traffic; that he took no precaution to ascertain whether another car was approaching, being unable to see through the well-nigh impenetrable mist; and that, as he was about to enter the side road, a collision occurred with an automobile proceeding southerly upon its own extreme right-hand side of the main highway.

We have held that when the vision of the operator of an automobile is obscured by fog, smoke or otherwise, so that he can see nothing ahead, it is his duty not to proceed. *Palmer v. Marceille,* 106 Vt. 500, 508, 175 Atl. 31. The condition of visibility is, therefore, a circumstance to be considered upon the question of gross negligence. *Dessereau v. Walker,* 105 Vt. 99, 102, 163 Atl. 632; *Miller v. Erickson* (2d Cir.), 76 Fed. (2d) 598, 599. Taking this in connection with the other circumstances and the course of action pursued by the defendant, the jury would strain no inference if they should find that here was no momentary inattention, error in judgment or loss of presence of mind, but a deliberate act and the failure to exercise a slight degree of care, such as characterizes gross negligence, as defined in *Shaw, Admr. v. Moore,* 104 Vt. 529, 531, 162 Atl. 373, 86 A. L. R. 1139; *Sorrell v. White,* 103 Vt. 277, 282, 153 Atl. 359, and the other decisions heretofore cited.

There was no error in the denial of the motion for a verdict and this is the only issue before us.

*Judgment affirmed.*