MARION S. KELLEY *v.* DENNIS J. ANTHONY.

May Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1939.

492

*Asa S. Bloomer* for the plaintiff.

*Fenton, Wing & Morse* and *R. Clarke Smith* for the defendant.

JEFFORDS, J. This is an action of tort to recover for personal injuries suffered in an automobile accident. The plaintiff at the time was riding as a gratuitous guest in the car operated by the defendant and brought this action under P. L. 5113 alleging gross negligence.

At the close of plaintiff's case the defendant moved for a directed verdict on the ground, in substance, that the evidence viewed in the light most favorable to the plaintiff, failed to show any gross negligence on the part of the defendant as required by the statute above referred to. The court granted defendant's motion and the only question for review is as to its action in this respect.

The plaintiff in her complaint alleged gross negligence on the part of defendant in the way of excessive speed; failure to keep the car under proper control and within the traveled portion of the highway; failure to comply with P. L. 5110, subd. IX, which provides that: "All curves shall be approached and entered with due care to avoid accident, and all vehicles rounding the same shall keep as far to the right hand side of the highway as reasonably practicable and proceed with due care to avoid accident."

■ The evidence viewed in the light most favorable to the plaintiff, as it must be in considering this motion, discloses that the accident happened at about half past four in the afternoon of November 11th, 1937, on the Lake Road, so-called, about two miles north of Lake Bomoseen. The plaintiff was employed in the store of the defendant and had been for about 11 years prior to the time in question. On the day of the accident the defendant invited the plaintiff and her mother to go for a ride and they left Rutland about 2 o'clock in the afternoon. The defendant and his wife were on the front seat, the defendant driving, and the plaintiff and her mother occupied the rear seat. The families were quite friendly and had taken a number of similar pleasure rides together in the past.

They drove over into the state of New York for a short distance and then back into Vermont and at Castleton Corners decided not to return to Rutland by the direct route but by way of the Lake Road. This is a gravel road and on the day in question was dry and smooth. As they drove along the plaintiff, her mother, and Mrs. Anthony visited with each other from time to time and continued to do so up to the happening of the accident. The defendant drove along on his right hand side of the road and was watching the road all of the time.

The car entered a curve to the left at a speed of about 50 miles per hour. It went into this curve on the left hand side of the road and into the gutter. How far the car was to the left of the center when it entered the curve is not shown. One corner of the car seemed to sink suddenly and the car swerved. It is not clear whether this sudden sinking came just before or after the car went into the gutter. It proceeded down the road at about the same rate of speed and kept going all over the road from side to side, from left to right and swaying. It hit a telephone pole and broke and dragged it a short distance and the car finally stopped about 400 feet from the curve and off the right hand side of the road. At the time of the accident there were no other cars in the immediate vicinity. The day was clear with the sun shining at the time.

The only witnesses on the question of liability were the plaintiff and her mother. They both testified, in effect, that there was nothing about the speed of the car nor its operation in any respect that attracted their attention before it entered the curve

and began to sway and no complaints or protests were made by either as to speed or anything about the operation of the car.

The description of the curve is very meager. The plaintiff simply referred to it as a "curve." Mrs. Kelley in her direct examination called it a "bend." On cross-examination when asked, in substance, if it were not merely a slight curve or bend she replied once that she would call it quite a curve, and again, that it seemed a sharp curve to her. There is no other evidence in the case in regard to the nature of the curve.

Gross negligence has been defined by this Court in *Shaw, Admr.* v. *Moore,* 104 Vt. 529, 531, 162 Atl. 373, 86 A. L. R. 1139, and in later cases. It is not necessary to repeat what is said therein.

There is no concrete rule by which the existence of gross negligence can be determined, for each case must be judged according to its own facts, considered in the light of accepted principles of law. *Hall* v. *Royce,* 109 Vt. 99, 192 Atl. 193; *Rich* v. *Hall,* 107 Vt. 455, 459, 181 Atl. 113.

The burden was on the plaintiff to make out a case warranting the submission of gross negligence to the jury. The question is, did she sustain this burden.

The roads in this state are filled with curves of varying degrees. To enter some of them at the speed and in the manner indicated by the evidence might very well warrant a submission of the issue in question and this would be particularly so in cases of accidents resulting from approaching traffic. To enter others in the same way and under the circumstances shown here would not so warrant. If the curve in question was of the former class the duty was on the plaintiff to show it. She introduced no evidence, however, as to the degree of the curve nor as to whether or not it was on a grade. There was no evidence of any warning signs indicating that the curve was one of a dangerous nature. The only exhibit in the case is a photograph put in by the defendant which was taken so far north of the curve, with the camera pointing to the north, as to be of no assistance to anyone in the way of showing the nature of the same. No approaching traffic was involved. The testimony of Mrs. Kelley was not sufficient, of itself, to warrant the submission of the issue of gross negligence in the way of entering the curve at the speed and in the manner indicated and under the

circumstances here shown. In this connection the evidence tending to show prudent driving by the defendant prior to entering the curve must be taken into consideration for there must be something more than an error in judgment or momentary inattention, if such there were here, in order that there may be indicated an indifference to the duty owed to a guest or an utter forgetfulness of his safety. *Anderson* v. *Olson*, 106 Vt. 70, 72, 169 Atl. 781; *Franzoni* v. *Ravenna*, 105 Vt. 64, 66, 163 Atl. 564.

Moreover, it is not clear that the rate of speed at which the curve was entered had any causal connection with the subsequent loss of control of the car and its leaving of the road as it did. From common experience it is known that when a curve is entered at a speed so great that it cannot be safely negotiated the momentum of the car, unless restrained in some way not shown here, will carry the car off from the road on the outside of the curve. It is true that in this case the car finally went off the right side of the road but before doing so one corner sank suddenly and the car went from one side of the road to the other, and swaying, for about 400 feet, which would indicate something other than speed caused it to proceed as it did. The situation in this respect is somewhat similar to that in *Gould* v. *Gould*, 110 Vt. 324, 6 Atl. (2d) 24.

That the car was out of control after entering the curve cannot be questioned. Whatever the cause of this was, we have seen that the evidence does not show that it was any act or omission on the part of defendant amounting to gross negligence. The inquiry is whether during the distance the car went out of control and before leaving the road the defendant was grossly negligent in failing to get it under control and avoid the unfortunate result.

Again the evidence is very meager on this issue. As we have seen, the plaintiff testified that it proceeded down the road at about the same rate of speed as it entered the curve. She gave no testimony as to what the defendant did or did not do in an attempt to regain control. Mrs. Kelley, who was partially stunned soon after the car began to sway, testified that when the car was on the left of the road it appeared to her that the defendant was trying to get it to the right. This was all of her testimony on this point.

The evidence does not disclose, nor can it be reasonably in-

ferred from it, that the defendant could have done anything which he failed to do in the way of regaining control and keeping the car within the limits of the road or that he did something which he should not have done in this respect that amounted to gross negligence. The scant evidence on this question indicates the contrary.

The plaintiff cites *Sorrell* v. *White,* 103 Vt. 277, 153 Atl. 359, and *Farren* v. *McMahon,* 110 Vt. 55, 1 Atl. (2d) 726, as cases in which she claims the facts were similar to those here. These cases are distinguishable. In the former, the car entered a sharp curve, warned to be dangerous by a sign, at a rate of speed of from 45 to 50 miles per hour. Before entering the curve the person sitting on the front seat with the defendant told him to be careful and the plaintiff who was riding on the rear seat implored him to ''slow up'' and ''not go so fast'' but the defendant ''just grinned'' and maintained the same speed. In the latter case the defendant was following another car on a road where there was much traffic. He failed to notice or give heed to the warning signal given by the driver of the other car and took no measures to slow down and bring his car under proper control until it was too late to avoid the accident. It is apparent. that the culpability of the defendants in these two cases was much greater than any shown on the part of this defendant.

Finally the plaintiff argues, in effect, that the evidence supports the allegations in the complaint and consequently a question for the jury was made out. Whether or not there was any negligent violation of P. L. 5110, subd. IX, under the facts and circumstances here disclosed, or negligence in other claimed respects, sufficient to make a jury question as to ordinary negligence, we are not called upon to decide. It is clear that the conduct of the defendant both before and after entering the curve was not such as it could reasonably be inferred was the result of an indifference to his guest or an utter forgetfulness of the latter's safety, and consequently gross negligence is not shown. *Franzoni* v. *Ravenna, supra; Powers* v. *Lackey,* 109 Vt. 505, 1 Atl. (2d) 693.

*Judgment affirmed.*