## CONWAY *v.* O'BRIEN.

No. 344.   Argued February 4, 5, 1941.—Decided March 3, 1941.

*Mr. Paul E. Lesh,* with whom *Messrs. Herbert G. Garber* and *Jerome F. Barnard* were on the brief, for petitioner.

*Mr. Edwin W. Lawrence* for respondent.

MR. JUSTICE REED delivered the opinion of the Court.

Petitioner, a citizen of New Hampshire, was injured when the respondent's car, in which she was a passenger, collided with another on a country road in Vermont. Diversity of citizenship gave jurisdiction to the District Court and petitioner recovered a verdict under the Vermont guest occupant law,[1] which required her to prove gross negligence on the part of the respondent. The Circuit Court of Appeals, however, considering the evidence of gross negligence insufficient to go to the jury, reversed and dismissed the complaint.[2] We granted certiorari to examine whether there had been sufficient compliance with Rule 50 (b) to authorize dismissal of the complaint,[3] but our view of the merits makes it unnecessary to discuss this question.

The result is determined by a consideration of the facts in the light of the Vermont law. The accident occurred in broad daylight in the late morning of an August day. If the facts most favorable to the petitioner were accepted, the jury might have concluded properly that the defendant's car approached from the south a covered bridge on a little-used country road at a speed of fifteen miles per hour. Respondent who was the driver and owner sat on the front seat with another. The petitioner and another lady occupied the rear seat. The bridge spanned Williams River which at that point

---

[1] Vermont Public Laws (1933) § 5113.

[2] 111 F. 2d 611.

[3] As in *Berry* v. *United States, ante,* p. 450, the District Court denied respondent's motion for a directed verdict at the close of the case. After verdict, however, the respondent did not make a motion for judgment n. o. v.

ran eastwardly to join the Connecticut. As another car emerged from its southern end the collision happened.

The road along which respondent was driving ran parallel with the southernly bank of the river for a short distance and then turned "abruptly," in a "sharper curve than any on the road," at a sixty degree angle down a nine per cent grade towards the bridge. Bushes and small trees cut off the view of a car "coming out of the bridge" until the respondent's car was "probably 30 feet" away.

As respondent's light car came into this curve, he cut in to the left without slackening speed or blowing a horn and suddenly found himself face to face with a larger car coming out of the bridge on its right hand side of the road at two miles per hour. The collision knocked the heavier car backward several feet and through a guard rail on the west side of the bridge approach. The road approaching the bridge "at this blind corner" was sandy, from fourteen to seventeen feet wide. Respondent testified he had known the spot "all my life" and knew cars could pass only "at a snail's pace."

The "Law of the Road" in Vermont is to round curves "as far to the right . . . as reasonably practicable"[4] and to "signal with bell or horn" "in going around a curve."[5]

Under these circumstances we are of the opinion that the Vermont law requires the submission of the question of gross negligence to the jury. As a matter of law it seems quite plain that a jury might find a driver of a car familiar with the locality grossly negligent, when with three guests and without a signal he rounds a blind, sharp curve at fifteen miles per hour on the wrong side into a narrow bridge entrance. The accepted Ver-

---

[4] Vermont Public Laws (1933) § 5110-IX.

[5] *Id.*, § 5110-XV.

mont definition of gross negligence is found in *Shaw* v. *Moore:* [6]

"Gross negligence is substantially and appreciably higher in magnitude and more culpable than ordinary negligence. Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is, in gross negligence, magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is manifestly a smaller amount of watchfulness and circumspection than the circumstances require of a prudent man. But it falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from wilful and intentional conduct which is or ought to be known to have a tendency to injure."

This has been repeated many times in later cases. [7] The application creates the difficulties. The latest cases say "each case must be judged according to its own facts." [8]

---

[6] 104 Vt. 529, 531–532; 162 A. 373.

[7] *Dessereau* v. *Walker,* 105 Vt. 99, 101; 163 A. 632; *Franzoni* v. *Ravenna,* 105 Vt. 64; 163 A. 564; *Hunter* v. *Preston,* 105 Vt. 327, 338; 166 A. 17.

[8] *Ellison* v. *Colby,* 110 Vt. 431; 8 A. 2d 637, 640; *Kelley* v. *Anthony,* 110 Vt. 490; 8 A. 2d 641, 642.

Admittedly there are instances among the Vermont cases which might be logically cited to support a refusal to submit this case.[9] About as many are upon the other side.[10] We think the District Court correctly appraised the law and facts.

We reverse the judgment of the Circuit Court of Appeals and affirm that of the District Court.

*Reversed.*

---

[9] *Shaw* v. *Moore,* 104 Vt. 529; 162 A. 373; *Franzoni* v. *Ravenna,* 105 Vt. 64; 163 A. 564; *Anderson* v. *Olson,* 106 Vt. 70; 184 A. 712; *L'Ecuyer* v. *Farnsworth,* 106 Vt. 180; 170 A. 677; *Garvey* v. *Michaud,* 108 Vt. 226; 184 A. 712; *Kelley* v. *Anthony,* 110 Vt. 490; 8 A. 2d 641.

[10] *Dessereau* v. *Walker,* 105 Vt. 99; 163 A. 632; *Farren* v. *McMahon,* 110 Vt. 55; 1 A. 2d 726; *Hunter* v. *Preston,* 105 Vt. 327, 338; 166 A. 17; *Hall* v. *Royce,* 109 Vt. 99, 106; 192 A. 193; *Ellison* v. *Colby,* 110 Vt. 431; 8 A. 2d 637; *Powers* v. *Lackey,* 109 Vt. 505; 1 A. 2d 693.