**Regina J. Lafayette BURKE, by Mitchell T. Lafayette, Plaintiff-Appellee,**

v.

**Douglas R. SPEAR, Defendant-Appellant.**

No. 230, Docket 25909.

United States Court of Appeals
Second Circuit.

Argued March 7, 1960.

Decided March 29, 1960.

1

**2**

Robert W. Larrow of McNamara & Larrow, Burlington, Vt., for defendant-appellant.

Asa S. Bloomer of Bloomer & Bloomer, Rutland, Vt., for plaintiff-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and LEWIS,* Circuit Judges.

PER CURIAM.

Plaintiff, a guest occupant of defendant's automobile, was injured when, defendant driving, defendant's vehicle was in collision with another automobile upon a Vermont public highway. Plaintiff brought a diversity suit in the United States District Court for Vermont against her host. The case was tried to a jury. At the close of plaintiff's evidence, and again at the close of all the evidence, defendant moved for a directed verdict in his behalf. These motions were denied. The jury returned a substantial plaintiff's verdict, and after verdict defendant additionally moved for judgment n. o. v. This motion too was denied. Defendant appeals. He contends that the evidence at the trial was insufficient to prove his "gross negligence," a proof required of plaintiff pursuant to 23 V.S.A. § 1491, and that the trial court erred in denying his several motions.

Just prior to the accident defendant was operating his 1956 Ford automobile in a westerly direction up a slope on U. S. Route 4. The highway forms a figure "S" at this point. At the top of this grade the highway becomes the main street of the village of Castleton, Vermont. A painted white line depicted the highway center line. At the top of this rise where the road was 51 feet wide defendant's car collided with a car traveling in the opposite direction. A portion of each vehicle was over on its left hand side of the white line. There were no brake marks. Both cars were wrecked. Three persons were killed.

The Vermont Motor Vehicle Guest Statute, 23 V.S.A. § 1491, reads as follows:

§ 1491 Liability of operators to guest occupants

"The owner or operator of a motor vehicle shall not be liable in damages for injuries received by any occupant of the same occasioned by reason of the operation of such vehicle unless such owner or operator has received or contracted to receive pay for the carriage of such occupant, or unless such injuries are caused by the gross or wilful negligence of the operator."

Gross negligence within the meaning of this Vermont statute was defined in Shaw v. Moore, 1932, 104 Vt. 529, 162 A. 373, 374, 86 A.L.R. 1139, as:

"Gross negligence is substantially and appreciably higher in magnitude and more culpable than ordinary negligence. Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is, in gross negligence, magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is manifestly a smaller amount of watchfulness and circumspection than the circumstances require of a prudent man. But it falls short of

* Of the Tenth Circuit, sitting by designation.

being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure."

Since the rule in Shaw v. Moore, supra, requires application to many different fact situations the Vermont cases hold that "each case must be judged according to its own facts." Ellison v. Colby, 1939, 110 Vt. 431, 8 A.2d 637, 640; Kelley v. Anthony, 1939, 110 Vt. 490, 8 A.2d 641, 642; and see Conway v. O'Brien, 1941, 312 U.S. 492, 495, 61 S.Ct. 634, 85 L.Ed. 969. This rule is continually repeated by the Supreme Court of Vermont, see, i.e., Hall v. Royce, 1937, 109 Vt. 99, 104, 192 A. 193, 195; Kerin v. Coates, 1942, 112 Vt. 466, and cases cited at page 469, 28 A.2d 382, 383–384; Abel v. Salebra, 1948, 115 Vt. 336, 340, 61 A.2d 605, 608; Chamberlain v. Delphia, 1954, 118 Vt. 193, 195, 103 A.2d 94, 95.

The district judge acted properly, therefore, in here first submitting the issue of gross negligence to the jury for its determination of fact, and then, after verdict, in not setting the verdict aside. The jury could well have concluded that defendant had not kept a careful lookout for approaching traffic, had not had his vehicle under full and complete control, had not kept to the right of the center of the highway so as not to interfere with other traffic when meeting it, and had so operated his car that he endangered the safety, life and property of others—all, of which, as the court stated to the jury in its charge, are violations of statutes and prima facie evidence of negligence. Under the circumstances of the present case, if the jury believed these several prima facie negligences to have existed, the ultimate issue of whether their sum total equalled "gross negligence" would also appear to be a jury question.

The judgment below is affirmed.