IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

LAURENCE LAPATO,               )
and JANICE CHUSSIL,            )
                                 )
        Plaintiffs,             )     TC-MD 180326R
                                 )
        v.                      )
                                 )
DEPARTMENT OF REVENUE,      )
State of Oregon,             )
                                 )
        Defendant.           )   **DECISION**

Plaintiffs appealed Defendant's Notice of Assessment, dated June 20, 2018, for the 2015

tax year. A trial was held on February 7, 2019, in Oregon Tax Court. Douglas R. Lovett

(Lovett), CPA, appeared and testified on behalf of Plaintiffs. Tom Boettger appeared and

testified on behalf of Defendant. Plaintiffs' Exhibit 1 was admitted into evidence without

objection. Defendant's Exhibits A to E were admitted into evidence without objection.

## I. STATEMENT OF FACTS

Plaintiffs submitted this case to the court solely on the issue of whether Defendant

properly denied a deduction for Plaintiff Laurence Lapato's (Lapato) unreimbursed business

expenses for failure to submit all expenses to the employer for reimbursement.

Lovett testified that he has been a CPA since 1985 and he prepared Plaintiffs' 2015 tax

return. Lovett testified that Lapato worked in software sales during the tax year at issue.

Lapato's employer maintained an "accountable plan" to reimburse employees for business

expenses. Lovett testified that Lapato received $500 per month for auto reimbursement. He also

testified that Lapato said he did not submit all his business expenses to the employer because

Lapato "knew" the expenses exceeded the employer's plan. The 15-page accountable plan

described the employer's expectations and employees' duties under the plan. (Def's Ex C.)

The employer's plan provides in pertinent part: "The company will reimburse you for all ordinary, necessary and reasonable travel expenses directly connected with the transaction of company business. The company seeks to limit your travel time and inconvenience while obtaining the best travel values available." (Def's Ex C at 3.) The plan states that the company expect employees to "live reasonably" but limit excess expenses. *Id*. It provides that "[w]henever possible employees should obtain management guidance or approval prior to making expenditures not specifically covered in these guidelines." *Id*. The plan states that for employees who receive a monthly car allowance, the employer will reimburse for fuel expenses for round trips more than 500 miles. *Id*. at 4. The plan states the company will reimburse employees for taxi expenses but advises employees to use the most economical transportation services available. *Id*. at 9.

On the issue of meals, the plan limits employees to $50 per day for domestic meals and $65 for international meals. *Id*. at 9, 10. The plan states, "We encourage you to have meals with your clients, but they should not be excessive or over used." *Id*. At 10. The plan further stated that "[t]he same guidelines apply for entertainment meals." *Id*. at-11. Expenses for alcoholic beverages "will only be reimbursed if the consumption is reasonable and can be considered a part of the business meal and stays within the legal drinking limits of that State." *Id*. The plan provides that "[a]ny entertainment charges expected to be over $100 must be pre-approved by the respective supervisor." *Id*.

Defendant's conference decision denied Lapato's unreimbursed business deductions for failure to submit all expenses to the employer because (1) it appeared he had already been

reimbursed for a large number of expenses; and (2) for failure to substantiate the expenses.[1] (Def. Ex A at 9-11.) In response to Lapato's assertion, that he knew the employer would not reimburse for expenses that were too much, the conference decision "noted 10 instances where you [Lapato] were reimbursed in amounts greater than $100 for meals expense…[with one] over $300, and another was over $600." (*Id*. at 10.)

## II. ANALYSIS

In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals. ORS 316.007.[2] Second, in cases before the court, the party seeking affirmative relief, here the Plaintiffs, bear the burden of proof and must establish their case by a "preponderance" of the evidence. ORS 305.427. Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

IRC Section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. It is well established that where an employee incurs expenses in connection with employment for which he or she is entitled to reimbursement but does not claim it, the expenses are not considered necessary expenses and are therefore nondeductible. *Orvis v. Comm'r*, 788 F2d 1406, 1408 (9th Cir 1986). *See also*, *Coplon v. Comm'r,* 277 F.2d

---

[1] The court will not address the substantiation issue because it was not argued by Plaintiffs and Defendant did not raise the issue in its Answer.

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2013 version.

534, 535 (6th Cir 1960); *Heidt v. Comm'r,* 274 F2d 25, 28 (7th Cir 1959); *Stolk v. Comm'r,* 40 TC 345, 356 (1963), *aff'd,* 326 F2d 760 (2d Cir 1964).

In *Orvis*, the Ninth Circuit Court of Appeals explained:

"A bright line rule prohibiting deductions for reimbursable expenses avoids the difficult inquiry into the taxpayer's knowledge, and gives the taxpayer an incentive to determine which expenses are reimbursable. The rule also forecloses an avenue for tax manipulation by preventing the taxpayer from converting a business expense of his company into one of his own simply by failing to seek reimbursement."

*Id*. at 1408 (citing *Coplon,* 277 F2d at 535).

Plaintiffs argue this case is distinguishable from the above cases and others cited by Defendant in the audit and conference reports because Lapato's "employer imposes an artificial limit on the amount they will reimburse to the employee." (Ptfs' Ex 1.) Plaintiffs offered no caselaw supporting their proposition, however, the court acknowledges that employees should not be required to perform futile acts in order to claim a deduction. See, *Kessler v. Comm'r*, 49 TCM (CCH) 1565 (1985) (appeal of FBI supervisor's policy of denying reimbursement for certain types of expenses would have been impractical.) But, the act must be *absolutely* futile. Even a sincerely held belief by the taxpayer that the employer would not reimburse the expense may not be enough. *See*, *Govier v. Comm'r*, 60 TCM (CCH) 1348 (1990), ("[t]he deciding factor is not whether petitioner 'believed' he could not get reimbursement; rather, it is whether he 'actually' could not get reimbursement."); *Liggett v. Dept. of Rev*., TC-MD 130378N, WL 1356766 (Or Tax M Div Apr 7, 2014) (Plaintiff's sincere belief that the employer had budget problems and she faced retaliation by her supervisor were insufficient reasons not to request reimbursement.)

In this case, the employer's reimbursement policy does not provide a blanket limitation on all expense reimbursements. The plan does provide limitations for "employee only" meals,

but even that limitation is subject to managerial discretion. The remainder of the policy appears to be predicated on a flexible standard based on the reasonability of the expense. Plaintiffs have not established that requests for reimbursement would have been futile or all denied for policy reasons by the employer. Plaintiffs have not meet their burden of proof that their unreimbursed employee business expenses were "necessary" because they did not seek reimbursement from the employer.

### III. CONCLUSION

After careful consideration, the court concludes that Lapato's employer maintained a reimbursement plan which could have potentially reimbursed him for business expenses, and therefore the expenses were not a "necessary" business expense under IRC section 162(a). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ____ day of April 2019.


---

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on April 17, 2019.*